THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COGLE, Appellant.

Third Department, June 16, 1983

**APPEARANCES OF COUNSEL**

*Louis-Jack Pozner* for appellant.

*Sol Greenberg, District Attorney* (*John P. M. Wappett* of counsel), for respondent.

**OPINION OF THE COURT**

MAHONEY, P. J.

A jury found defendant guilty of selling heroin to Carol Chamberlain at her apartment on the evening of December 17, 1981. The People's case against defendant consisted of the testimony of Chamberlain, who was acting as a police informant in exchange for leniency toward her husband, her nine-year-old daughter who was present in the apartment, and Officer William Murphy, who testified to seeing defendant at Chamberlain's apartment on the night in

question. Also introduced into evidence and played for the jury was a tape recording made during the time defendant was alleged to have been in the apartment which indicated that the criminal transaction occurred. Defendant presented an alibi defense during which he and three other witnesses testified that he was not at the Chamberlain apartment on the evening of December 17, 1981. Following the jury's verdict of guilt on the single count contained in the indictment, defendant was given an indeterminate three- to nine-year sentence.

■ Defendant's first argument for reversal on this appeal is that the trial court erroneously denied the request to charge the crimes of criminal possession of a controlled substance in the fifth and seventh degrees as lesser included offenses of the crime charged in the indictment. Since the word "sell" is statutorily defined as "to sell, exchange, give or dispose of to another, *or to offer or agree to do the same*" (Penal Law, § 220.00, subd 1; emphasis added), it is not necessary to possess a controlled substance in order to offer or agree to sell it (compare with Penal Law, § 10.00, subd 8; see *People v Stapleton,* 94 Misc 2d 850, affd without opn 70 AD2d 1063; *People v Gondolfo,* 94 Misc 2d 696). Accordingly, possession offenses relating to controlled substances are not lesser included offenses of those crimes prohibiting their sale since it is theoretically possible to commit the greater offense without concomitantly, by the same conduct, committing the lesser offense (see *People v Glover,* 57 NY2d 61, 63). Cases such as *People v Law* (41 NY2d 307, 313-314) and *People v Strong* (60 AD2d 792), which indicate that possession crimes are lesser included offenses of those prohibiting sale of controlled substances, were decided prior to the evolution of a new definition by the Court of Appeals as to what constitutes a lesser included offense under CPL 1.20 (subd 37) (see *People v Glover, supra; People v Ramirez,* 55 NY2d 708; *People v Miguel,* 53 NY2d 920) and are not now controlling.

■ Defendant also argues that the trial court improperly rejected an offer of proof made during the trial. It appears that the informant used in defendant's case, Mrs. Chamberlain, was also used to secure an indictment against one

Michael Robinson for the same crime at the same apartment, but on a different day. Defendant sought to introduce a certified copy of that indictment into evidence in an attempt to show that the tape recording being used against him, which referred to the man in Chamberlain's apartment only as "Michael", was in reality a recording of a transaction between the informant and Robinson. While we agree with defendant's argument that it was error for the trial court to refuse such evidence since it was clearly relevant to defendant's alibi defense, such error was harmless in view of the overwhelming proof placing defendant at Chamberlain's apartment on the evening in question (see *People v Crimmins,* 36 NY2d 230).

Defendant's remaining two arguments for reversal are also without merit. Once the jury determined the credibility issues against defendant, it can hardly be said that the verdict of guilt was against the weight of the evidence. Criminal sale of a controlled substance in the third degree is a class B felony which carries a maximum term of imprisonment of 25 years. No arguments have been advanced which convince us that the trial court abused its discretion in sentencing defendant as it did.

The judgment should be affirmed.

MAIN, MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Judgment affirmed.