■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SCARINCIO, Appellant. — Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered April 19, 1982, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree. Defendant was indicted by a Warren County Grand Jury in a single-count indictment charging criminal sale of a controlled substance in the third degree, a class B felony. Only two witnesses testified at the trial of the indictment, State Police Investigator Kenneth Cook and a police chemist who established that the two packets allegedly sold to Cook contained cocaine. The proof disclosed that on June 4, 1981 Investigator Cook, acting as an undercover officer and accompanied by a confidential informant, went to defendant's residence at 9 Cherry Street in Glens Falls, Warren County. There, at about 4:00 P.M., they first met and had a short conversation with one Vicki Macero concerning the sale to Cook of a gram of cocaine. They left and returned later

that day at about 4:30 P.M. and again met with Macero. This time they talked of purchasing two grams of cocaine for $200. After this brief conversation, they again left for Cook to acquire the authority to spend $200 from his superior. At about 4:45 P.M., the two returned again to 9 Cherry Street, a one-family, two-story house. On this visit Vicki Macero admitted Cook and his informant to the kitchen where Cook was introduced to defendant who was seated at a table, along with a child, eating. Defendant told Vicki Macero "You go sell it to him", or "You go get it for him". Cook then followed Macero into the adjacent dining room where she took two packets from a cookie jar on a table and handed them to him. He in return gave Macero $200. At this point defendant came into the room loudly complaining to the informant that he wanted Cook to leave. Vicki Macero then immediately handed the $200 to defendant. The informant and Cook then left. Significantly, the informant first spoke with Vicki Macero on the first visit, before Cook talked with her (Macero) out on the front walk. Following the trial, the jury found defendant guilty of criminal sale of a controlled substance in the third degree. Thereafter, and before sentencing, defendant moved to set aside the verdict on eight grounds, one of which alleged misconduct by a juror outside the presence of the court and which defendant claimed affected his right to a fair trial. The court ordered a hearing on the allegation of juror misconduct but denied the motion as to the other seven grounds. Subsequent to the hearing, the court determined that it desired additional testimony and on its own motion held a further hearing. The court, in denying the motion to set aside the verdict, ruled that "[t]his is not a case where activity by the juror constitutes inherent prejudice to the rights of the defendant." A sentence of from 5 to 15 years was imposed on April 19, 1982 and this appeal ensued. Defendant first contends that the evidence presented at trial was insufficient to sustain his conviction. He claims that the proof established that Vicki Macero, unaided and on her own initiative, sold the two packets of cocaine to Investigator Cook. We disagree and find that the evidence was sufficient to sustain the jury verdict. In reviewing this issue, the evidence must be viewed in the light most favorable to the People since it must be assumed that the jury credited the People's proof (*People v Bracey,* 41 NY2d 296, 301-302; *People v Benzinger,* 36 NY2d 29, 32; see, also, *People v Barnes,* 50 NY2d 375, 381). "A choice between competing inferences, as a choice between competing facts, is available to the trier of facts so long as the one arrived at is found beyond a reasonable doubt" (*People v Castillo,* 47 NY2d 270, 277). Upon all the facts in evidence and the surrounding circumstances, the jury could properly conclude that defendant, acting with the mental culpability required for the commission of the crime, was an accessory to Vicki Macero in the sale of the two packets of cocaine to Cook so as to be liable for the crime she committed (Penal Law, §§ 20.00, 220.39; see *People v La Bruna,* 66 AD2d 300, 302). Here, the cocaine was not sold until defendant was present and directed or requested that it be done. It was done in his residence. Moreover, defendant received the entire proceeds of the sale and told the informant, without apparent objection, that he did not want Cook back. These utterances and conduct indicated that defendant exercised a degree of dominion and control over the residence and what transpired therein. Defendant asserts that because Investigator Cook had not testified until trial that Vicki Macero had handed the $200 over to defendant immediately after the sale, had not so testified in his Grand Jury testimony and had not recorded this occurrence on his "buy sheet" (a report he prepared the evening of the sale), his testimony is unworthy of belief as a matter of law. We reject this contention. The evidence on this point merely presented an issue of credibility for the jury to resolve. On redirect examination, Cook explained that he had not been asked the specific question in his

Grand Jury appearance, and that he does not record on his "buy sheet" every fact that comes to his attention during an investigation or transaction. He then enumerated other facts that were not recorded on his "buy sheet". The jury apparently resolved this issue in favor of the People's case. Turning next to the denial of defendant's posttrial motion to set aside the jury verdict because juror misconduct allegedly denied him his right to a fair and impartial jury, an examination of the trial transcript and the papers reveals that the trial court properly denied the motion. The jurors appeared to give careful consideration to all aspects of the case. No unfairness upon the part of the jury in its deliberations was demonstrated. There were no harmful communications made to any juror. There was no showing of inherently prejudicial juror conduct nor was there a showing of improper influence so as to impeach the jury verdict (*People v Brown,* 48 NY2d 388). Next, we examine the contention that the trial court erred in charging the jury as to lesser included offenses of criminal possession of a controlled substance in the fifth and seventh degrees. Criminal sale of a controlled substance in the third degree requires a knowing and unlawful selling of a narcotic drug (Penal Law, § 220.39, subd 1). The word "sell" as it is used in that section is defined in subdivision 1 of section 220.00 of the Penal Law as follows: "to sell, exchange, give or dispose of to another, or to offer or agree to do the same." To be guilty of criminal possession of a controlled substance in the seventh degree, a person must "knowingly and unlawfully [possess] a controlled substance" (Penal Law, § 220.03). The only difference between seventh degree and fifth degree possession of a controlled substance is that the latter involves an "intent to sell" (Penal Law, § 220.06, subd 1). The term possess means "to have physical possession or otherwise to exercise dominion or control over tangible property" (Penal Law, § 10.00, subd 8). However, before the court may charge a lesser included offense, two criteria must exist: (1) the offense in question must meet the statutory definition of a "lesser included offense", and (2) there must be a reasonable view of the evidence which would support a finding that defendant committed the lesser offense but not the greater (*People v Glover,* 57 NY2d 61, 63; see, also, *People v Green,* 56 NY2d 427, 430-431). Under the first requirement in *Glover,* it must be theoretically impossible to commit the greater crime without at the same time committing the lesser. This determination is made "by a comparative examination of the statutes defining the two crimes, in the abstract" (*People v Glover, supra,* p 64). Since one may be found guilty of a criminal sale of a controlled substance by offering or agreeing to sell a narcotic drug without at the same time possessing any narcotic drug, the crimes of possession in the fifth and seventh degree cannot be lesser included crimes of criminal sale in the third degree (*People v Cogle,* 94 AD2d 158). The trial court therefore erred in so charging. This error, however, is not fatal since the jury found defendant guilty of the higher crime and not the lesser. Defendant urges that the sentence imposed is excessive. We have previously held that the imposition of sentence is within the discretion of the sentencing court (*People v Fox,* 65 AD2d 880, 881; *People v Caputo,* 13 AD2d 861), and this court will not disturb the sentence unless there is an abuse of discretion (*People v Hochberg,* 62 AD2d 239, 251, mot for lv to app den 44 NY2d 953; *People v Dittmar,* 41 AD2d 788). We find no such abuse here. We have considered defendant's other claims of reversible error and find them without merit. Accordingly, the judgment of conviction should be affirmed. Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.