■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN TEIXEIRA, Appellant. — Appeals by defendant from (1) a judgment of the Supreme Court, Kings County (De Lury, J.), rendered January 11, 1982, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence and (2) a judgment of the same court, also rendered January 11, 1982, convicting him of criminal possession of a controlled substance in the fourth degree, upon a plea of guilty, and imposing sentence. ¶ Judgments affirmed. ¶ On appeal, defendant contends that his convictions for criminal possession of a controlled substance in the seventh degree must be reversed and those counts dismissed since that crime is a lesser included offense of the crime of criminal sale of a controlled substance in the third degree for which he was also convicted (CPL 300.40, subd 3, par [b]). Defendant's argument is without merit. ¶ In *People v Glover* (57 NY2d 61, 63-64) the Court of Appeals defined a lesser included offense as follows: ¶ "that it is an offense of lesser grade or degree and that in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense * * * ¶ "Thus, it must now be shown that, in theory, the charged, greater crime could not be committed without the lesser offense also being committed". ¶ Pursuant to the standard set forth by the Court of Appeals in *People v Glover* (*supra*), the Third Department has held that possession offenses relating to controlled substances are not lesser included offenses of those crimes prohibiting their sale (*People v Cogle,* 94 AD2d 158; *People v Scarincio,* 95 AD2d 967). We agree with this holding of the Third Department. ¶ It is true that in *People v Tuggle* (99 AD2d 518) this court held to the contrary. However, the holding in that case was based on a concession by the People. In view of our determination herein, the holding of *People v Tuggle* (*supra*) should not be followed. ¶ We have examined the remaining points raised by the defendant and find them to be without merit. Mangano, J. P., O'Connor, Boyers and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE WILEY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Donnelly, J.), rendered October 22, 1981, convicting him of robbery in the first degree (two counts), robbery in the second degree, assault in the second degree (two counts), grand larceny in the third degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. ¶ Judgment modified, on the law, by reversing the conviction of assault in the second degree as charged in the fifth count of the indictment and vacating the sentence imposed thereon, and that count of the indictment dismissed. As so modified, judgment affirmed. ¶ The fifth count of the indictment charging defendant with assault in the second degree pursuant to subdivision 6 of section 120.05 of the Penal Law was an inclusory concurrent count of robbery in the second degree, as charged in the third count of the indictment pursuant to section 160.10 (subd 2, par [a]) of the Penal Law. Therefore, a guilty verdict of the greater offense requires dismissal of the lesser offense (see CPL 300.40, subd 3, par [b]). We have reviewed defendant's remaining contentions and find they do not warrant reversal. Mangano, J. P., Thompson, O'Connor and Boyers, JJ., concur.