■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BURTON, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered December 17, 1982, convicting him of criminal sale of a controlled substance in the second degree, and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

On appeal, the defendant contends that the trial court improperly ruled that the People established a prima facie case demonstrating the defendant's participation in a conspiracy and thereby permitted hearsay testimony to be allowed in evidence. We find that there was sufficient proof offered at trial to establish that the defendant did in fact participate in a conspiracy to sell drugs.

Charles Bonis, a former codefendant, was the People's principal witness. He pleaded guilty to a felony in connection with the crimes the defendant was charged with, and agreed to cooperate with law enforcement officials in apprehending drug dealers, and in testifying against the defendant. The following is an abstract of the testimony proffered at trial.

Bonis met Detective Frank Paciella sometime prior to Christmas of 1981. Paciella was posing as a drug buyer. Paciella telephoned Bonis on February 23, 1982 to initiate a cocaine purchase. On March 9, 1982, Paciella again called Bonis. That evening, Bonis spoke with one Christopher Robins and the defendant.

Bonis testified that the defendant told him that he could get two ounces of cocaine, and that the next day, the defendant indeed showed up with cocaine. After Bonis testified that the cocaine defendant showed up with was referred to in the February 23 telephone call between Bonis and Paciella, the tape of this telephone call which Paciella had made was introduced, over objection, in evidence. Bonis testified that his statement in the taped conversation about his "friend" (i.e., source of cocaine) being away for two weeks referred to the defendant. Also in this conversation, Paciella asked Bonis, "What is this — what's this one, your partner?" Bonis replied "Yeah".

Bonis then testified about a telephone conversation he had with Christopher Robins on March 9, 1982, after both Bonis and Robins had spoken with Paciella. Over objection by defense counsel, Bonis was permitted to testify as to the substance of the conversation on the ground that the conversation was between coconspirators of the defendant. In that conversation, Robins told Bonis that Paciella wanted to buy two ounces of cocaine.

Bonis said he would get back to Robins. He then called the defendant, who said he could get the cocaine and bring it out the following evening at around 10:00 P.M. Bonis and the defendant would each realize a profit of $400 on the sale.

We find that the evidence presented at trial through the testimony of Bonis was sufficient to establish a prima facie case as to the defendant's participation in a conspiracy to sell drugs. As the Court of Appeals noted in *People v Salko* (47 NY2d 230, 237):

"As a general rule, an admission made by one defendant is not binding upon a codefendant * * * The rule is otherwise, however, where codefendants are partners in crime such that each defendant can be viewed as acting as an agent for each defendant engaged in the criminal partnership * * * United by this 'privity of obligation' * * * defendants engaged in a conspiracy are bound by one another's declarations to the same extent that a principal is bound by the declarations of his agent * * * Thus, any declaration by a conspirator made during the course of and in furtherance of the conspiracy is admissible against a coconspirator as an exception to the hearsay rule * * *

"However, whether utilized to sustain introduction of a hearsay declaration of a conspirator to prove a coconspirator's complicity in the conspiracy or a substantive crime this evidence may be admitted only upon a showing that a prima facie case of conspiracy has been established" (see, also, *People v Sanders,* 56 NY2d 51; *People v Berkowitz,* 50 NY2d 333).

Additionally, the defendant contends that his convictions for criminal possession of a controlled substance in the third degree must be reversed, and those counts dismissed since those crimes were lesser included offenses of the crime of criminal sale of a controlled substance in the second degree, for which he was also convicted (CPL 300.40, subd 3, par [b]). The defendant's argument is without merit. Possession offenses relating to controlled substances are not lesser included offenses of those crimes prohibiting their sale (see *People v Teixeira,* 101 AD2d 818; *People v Cogle,* 94 AD2d 158; *People v Scarincio,* 95 AD2d 967). Mollen, P. J., Weinstein, Rubin and Eiber, JJ., concur.