■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN RILEY, Appellant.—Judgment unanimously affirmed. Memorandum: During defendant's trial on an indictment

alleging a criminal sale of a controlled substance in the third degree, the trial court erroneously charged criminal possession in the sixth degree and eighth degree as lesser included offenses. "[I]t is not necessary to possess a controlled substance in order to offer or agree to sell it * * * Accordingly, possession offenses relating to controlled substances are not lesser included offenses of those crimes prohibiting their sale" *(People v Cogle,* 94 AD2d 158, 159; *see, People v Glover,* 57 NY2d 61, 63). However, the error is harmless and does not require reversal since the jury found defendant guilty of the higher crime and never considered the lesser offenses *(People v Scarincio,* 95 AD2d 967, 969).

Our examination of the record reflects that defendant was represented by reasonably competent counsel and was not denied a fair trial *(see, People v Modica,* 64 NY2d 828, 829). Defendant's other claims of error have been examined and found to be without merit. (Appeal from judgment of Monroe County Court, Cornelius, J.—criminal sale of controlled substance, third degree.) Present—Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.