■ The People of the State of New York, Respondent, v Edison Perez, Appellant.—Judgment, Supreme Court, New York County (Eugene Nardelli, J.), rendered January 3, 1986, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]) and criminal possession of a controlled substance in the first and third degrees (Penal Law § 220.21 [1]; § 220.16 [1]) and sentencing him to two terms of 15 years to life and a term of 8⅓ to 25 years, respectively, all sentences to run concurrently, unanimously modified, on the law and facts and as a matter of discretion in the interest of justice, to dismiss counts two and three of the indictment for criminal possession of a controlled substance in the first and third degrees and otherwise affirmed.

The main thrust of defendant's appeal challenges the effect of a photographic display on an undercover officer's in-court identification of defendant. Officer Jose Gonzalez was shown the arrest photographs of two men who matched Gonzalez' description of men involved in a drug buy which occurred earlier in the month. Officer Gonzalez identified defendant as one of the men involved in the earlier drug buy. First, the officer's viewing of defendant's photograph was confirmatory, rather than an initial identification (see, People v Morales, 37 NY2d 262 [1975]). Further, Gonzalez' in-court identification was based on an independent source, his ability to view defendant during the drug buy for approximately three minutes from a short distance away. Defendant's arguments concerning prejudice and an improper summary denial of his motion to dismiss similarly lack merit.

The possession charges should, however, be dismissed in the interest of justice. Although the possession counts are not lesser included offenses of the sale count *(People v Teixeira,* 101 AD2d 818 [2d Dept 1984]; *People v Cogle,* 94 AD2d 158 [3d Dept 1983]), and thus dismissal of the possessory charges is not required, the People concede that these noninclusory concurrent counts should be dismissed since possession of the same cocaine formed the basis of the sale count *(People v Harrison,* 136 AD2d 469 [1st Dept]; *People v Evans,* 70 AD2d 816 [1st Dept 1979]; *People v Gaul,* 63 AD2d 563 [1st Dept 1978], *lv denied* 45 NY2d 780). Concur—Kupferman, J. P., Ross, Kassal, Rosenberger and Smith, JJ.