■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WILSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered August 31, 1988, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that contrary to the defendant's contention it was legally sufficient to establish his guilt of possession of the narcotics beyond a reasonable doubt. The evidence established that it was the defendant from whom the undercover police officer purchased $20 worth of cocaine. Upon arriving on the scene, the arresting officer, who was part of the backup team, observed the defendant facing a windowsill upon which two bags containing vials of cocaine were recovered. Twenty dollars of prerecorded money was recovered from the defendant's pants pocket.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The jury's verdict as to the possession counts rested upon its assessment of the credibility of the arresting officer. The defendant essentially argues that the testimony of the arresting officer was unworthy of belief. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Although there were certain discrepancies in the arresting officer's testimony, the jury was entitled to find that the defendant had been in constructive possession of the narcotics.

The defendant additionally contends that the trial court committed reversible error in connection with its comments to the jury regarding his failure to testify. However, by raising no objection at trial, the defendant failed to preserve his challenge to the charge for appellate review as a matter of law (see, People v Autry, 75 NY2d 836). Nor do we find a basis for reversal upon the exercise of our interest of justice jurisdiction. Although the court erred in delivering a charge which exceeded the plain and simple language of CPL 300.10 (2) (see, People v McLucas, 15 NY2d 167; People v Ogle, 142 AD2d 608; People v Morris, 129 AD2d 591), we find that this error was harmless beyond a reasonable doubt because there is no reasonable possibility that it contributed to the defendant's conviction (see, People v Crimmins, 36 NY2d 230, 237; People v Davidson, 150 AD2d 717; People v Morris, supra). There was overwhelming proof of the defendant's guilt, and the court's instructions were neutral in tenor and were not so extensive as to prejudicially draw the jury's attention to the defendant's failure to testify (see, e.g., People v Brown, 150 AD2d 472; People v Davidson, supra; People v Morris, supra).

The defendant argues, and the People concede, that the count of criminal possession of a controlled substance in the seventh degree should have been dismissed pursuant to CPL 300.40 (3) (b) as a lesser included offense of criminal possession of a controlled substance in the third degree (see, People v Zarzuela, 141 AD2d 788; People v Policano, 139 AD2d 773). We agree and modify the judgment of conviction accordingly.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Harwood and Miller, JJ., concur.