■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL SIMMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered November 30, 1987, convicting him of criminal sale of a controlled substance in the second degree (two counts), criminal possession of a controlled substance in the third degree (five counts), criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On six different dates between August and November 1985, the defendant and/or his codefendant Ivan Wright sold cocaine to undercover police officers in an ongoing "buy operation" at a Brooklyn apartment. They were charged, in a single indictment, with a total of 18 counts of criminal sale and possession of a controlled substance, and a joint trial ensued.

Contrary to the defendant's contention on appeal, the trial court did not improvidently exercise its discretion in denying his motion for a severance. All of the charges were based on a single drug sale operation and six of the 18 counts of the indictment charged the defendants under an acting in concert theory. The proof against them was supplied by the same evidence, which included the testimony of the undercover police officers and their backup team, as well as audio and videotapes of some of the transactions. Furthermore, the joint trial did not prevent the defendant from asserting that he was merely an innocent onlooker. In sum, the defendant simply failed to present the requisite "cogent reasons" for a separate trial *(People v Mahboubian,* 74 NY2d 174, 183, quoting *People*

*v Bornholdt,* 33 NY2d 75, 87; *see, People v Cardwell,* 78 NY2d 996; *People v Echevarry,* 165 AD2d 730).

The defendant also argues that the possessory counts of which he was convicted, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, are lesser included counts of the sale counts, criminal sale of a controlled substance in the second degree and criminal sale of a controlled substance in the third degree, and should therefore be dismissed pursuant to CPL 300.40 (3) (b). However, this court has expressly held that "[p]ossession offenses relating to controlled substances are not lesser included offenses of the crimes prohibiting their sale" *(People v Burton,* 104 AD2d 655, 656; *see, People v Teixeira,* 101 AD2d 818; *People v Cogle,* 94 AD2d 158).

Nor do we find any merit in the defendant's contention that the trial court failed to adequately inquire into an alleged incident of juror misconduct. After the jury commenced deliberations, the four alternate jurors were discharged by the court but were permitted to remain in the audience, as members of the public, to see the outcome of the case. Further into deliberations, the defense counsel advised the court that other audience members had informed him that the former alternates communicated with the jurors while the jurors sat in the jurybox awaiting a readback of testimony and while counsel and the Judge were outside for what counsel estimated to be a three-minute sidebar conference. Upon being so advised, the Judge brought the two remaining former alternates into the hallway and questioned them, under oath and on the record, as to this allegation. The inquiry revealed that, at most, one of the alternates gestured to one of the regular jurors, with whom she had become friendly, suggesting that the regular juror telephone her. Neither alternate engaged in or witnessed any other communication. Under these circumstances, the court properly determined that further inquiry was unnecessary *(see, People v Brown,* 48 NY2d 388).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Thompson, Bracken and Copertino, JJ., concur.