■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARLON GAY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered February 26, 1990, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

As conceded by the People, criminal possession of a controlled substance in the seventh degree is a lesser-included offense of criminal possession of a controlled substance in the third degree and, under the circumstances, the former count should have been dismissed pursuant to CPL 300.40 (3) (b) *(see, People v Velasquez,* 178 AD2d 451; *People v Rodriguez,* 126 AD2d 681).

However, contrary to the defendant's contention, we find that the trial court did not improvidently exercise its discretion in denying his challenge for cause to two prospective jurors. Indeed, based upon the record before us, we conclude that neither prospective juror manifested "a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; *see, People v Williams,* 63 NY2d 882, 885).

Viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Mangano, P. J., Miller, Copertino and Pizzuto, JJ., concur.