■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEFORD A. BROWN, Appellant. [603 NYS2d 565] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered February 13, 1991, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled sub-

stance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction of criminal possession of a controlled substance in the seventh degree (two counts), vacating the sentence imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Inasmuch as the convictions for criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts) were based on the possession of the same vials of crack cocaine, the latter charge constitutes an inclusory concurrent count of the former. Accordingly, the conviction of criminal possession of a controlled substance in the seventh degree (two counts) should be reversed and those counts dismissed *(see,* CPL 300.40 [3] [b]; *People v Wilson,* 162 AD2d 747; *People v McBee,* 143 AD2d 773, 775).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, Copertino and Pizzuto, JJ., concur.