■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO FIGUEROA, Appellant. [631 NYS2d 184] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered July 15, 1992, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree (three counts), and unlawful possession of marihuana, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction on count five of the indictment charging criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence adduced at the trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to prove the defendant's guilt of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the seventh degree, and unlawful possession of marihuana beyond a reasonable doubt. The evidence proves that the defendant aided and abetted the sale of cocaine to an undercover police officer by approving the officer as a potential buyer and directing the officer to buy cocaine from another person.

The defendant contends that the prosecution's witnesses were not credible. However, resolution of issues of credibility, as well as weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94; People v Scott, 168 AD2d 523). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant also contends that his conviction of criminal possession of a controlled substance in the third degree should be reversed as it stems from the same transaction as the count of criminal sale of a controlled substance in the third degree. The defendant's argument is without merit. Possession offenses relating to controlled substances are not lesser-included offenses of those crimes prohibiting their sale (see, People v Simms, 176 AD2d 833; People v Burton, 104 AD2d 655).

However, we agree with the defendant and the People

concede that the fifth count of the indictment alleging criminal possession of a controlled substance in the seventh degree should be dismissed as a lesser-included offense of criminal possession of a controlled substance in the third degree *(see,* CPL 300.40 [3]; *People v Gay,* 190 AD2d 861; *People v Wilson,* 162 AD2d 747). The judgment is modified accordingly. Balletta, J. P., Copertino, Pizzuto and Krausman, JJ., concur.