■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL REED, Also Known as MICHAEL ELLISON, Appellant. [634

NYS2d 541] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered December 13, 1993, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

As correctly conceded by the People, criminal possession of a controlled substance in the seventh degree is a lesser-included offense of criminal possession of a controlled substance in the third degree and, under the circumstances, the former count should have been dismissed pursuant to CPL 300.40 (3) (b) *(see, People v Brown,* 198 AD2d 291; *People v Gay,* 190 AD2d 861). However, possession offenses related to controlled substances are not lesser-included offenses of those crimes prohibiting their sale. Therefore, the defendant's conviction of criminal possession of a controlled substance in the third degree is not a lesser-included offense of criminal sale of controlled substance in the third degree subject to dismissal pursuant to CPL 300.40 (3) (b) *(see, People v Byrd,* 214 AD2d 581; *People v Simms,* 176 AD2d 833; *People v Burton,* 104 AD2d 655; *People v Teixeira,* 101 AD2d 818).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Sullivan, J. P., Thompson, Hart and Goldstein, JJ., concur.