■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YARVEY ALSTON, Appellant. [670 NYS2d 796] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leach, J.), rendered May 7, 1996, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a controlled substance in the seventh degree and the sentence imposed

thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that he was denied a fair trial because the court refused to admit into evidence a videotape of the crime scene is without merit. The defendant failed to lay a proper foundation for the introduction of the videotape and, consequently, the court did not improvidently exercise its discretion in refusing to admit it into evidence (*see, People v McGee,* 49 NY2d 48, 59, *cert denied sub nom. Waters v New York,* 446 US 942).

However, the defendant's conviction of criminal possession of a controlled substance in the seventh degree must be reversed and that count of the indictment dismissed as that crime is a lesser-included offense of criminal possession of a controlled substance in the third degree (*see,* CPL 300.40 [3] [b]; *People v Figueroa,* 219 AD2d 606).

The defendant's remaining contentions are either unpreserved for appellate review or do not warrant reversal. Altman, J. P., Krausman, Florio and Luciano, JJ., concur.