◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS OWENS, Appellant. [671 NYS2d 485] —Appeals by the defendant from two judgments of the Supreme Court, Queens County (Leach, J.), both rendered March 14, 1996, convicting him under Indictment No. 2199/95 of criminal possession of a weapon in the third degree, upon his plea of guilty, and under Indictment No. 11026/95, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentences. The appeals bring up for review the denial, after a hearing (Flug, J.), of that branch of the defendant's omnibus motion under Indictment No. 2199/95 which was to suppress physical evidence.

Ordered that the judgment of conviction under Indictment No. 2199/95 is reversed, on the law, that branch of the defendant's motion which was to suppress physical evidence

under said indictment is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50; and it is further,

Ordered that the judgment of conviction under Indictment No. 11026/95 is modified, on the law, by vacating the conviction under count three of the indictment charging the defendant with the crime of criminal possession of a controlled substance in the seventh degree, and the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment under Indictment No. 11026/95 is affirmed.

With respect to Indictment No. 2199/95, the hearing court erred in denying that branch of the defendant's motion which was to suppress physical evidence. The automobile that the defendant was driving was pulled over for making a turn without signaling. Upon approaching the vehicle, the officer noticed the defendant take off his jacket and place it on the front seat. When the defendant was unable to produce a license in response to the officer's question, he and his passenger were asked to step out of the vehicle. Upon further inquiry, the police officer ascertained that the defendant's license had been revoked, and the defendant was placed under arrest and handcuffed. The officer then searched the front seat of the automobile and recovered a gun from the defendant's jacket.

Contrary to the conclusion reached by the hearing court, the search was not justified as incident to the defendant's arrest. The officer concededly did not fear for his safety, and there was no reason to believe either that there was a weapon in the automobile, that the defendant had committed a crime distinct from the traffic offense for which he was arrested, or that the automobile contained evidence of a crime (*see, People v Gokey,* 60 NY2d 309, 313; *People v Belton,* 55 NY2d 49, 54-55; *People v Adams,* 32 NY2d 451, 455; *People v Marsh,* 20 NY2d 98, 101). Accordingly, that branch of the defendant's motion which was to suppress physical evidence should have been granted.

With respect to Indictment No. 11026/95, the defendant's contention that he was denied a fair trial because the court refused to admit into evidence a videotape of the crime scene is without merit (*see, People v Alston,* 249 AD2d 404 [decided herewith]).

As conceded by the People, the third count of that indictment, alleging criminal possession of a controlled substance in the seventh degree, must be dismissed as a lesser-included offense of the crime of criminal possession of a controlled

substance in the third degree (*see,* CPL 300.40 [3] [b]; *People v Figueroa,* 219 AD2d 606). Altman, J. P., Krausman, Florio and Luciano, JJ., concur.