■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORTIMER EXCELL, Appellant. [679 NYS2d 146] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered November 20, 1996, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

As correctly conceded by the People, the defendant's conviction for criminal possession of a controlled substance in the seventh degree must be reversed. This count was a lesser-included offense of criminal possession of a controlled substance in the third degree and should have been dismissed as both counts related to the same "stash" of cocaine (see, CPL 300.40 [3] [b]; People v Reed, 222 AD2d 459, 460; People v Figueroa, 219 AD2d 606, 607-608).

The sentence imposed upon the defendant was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review (see, CPL 470.05 [2]) and, in any event, any error was harmless (see, People v Brown, 195 AD2d 474, 475). Ritter, J. P., Santucci, Altman and Krausman, JJ., concur.