■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN BIGGS, Appellant. [721 NYS2d 364] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mason, J.), rendered October 27, 1998, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The trial court properly permitted the People to present rebuttal testimony in response to evidence adduced by the defense (*see,* CPL 260.30 [7]; *People v Harris,* 57 NY2d 335, 345). While it was improper for the prosecutor to elicit testimony from the rebuttal witness concerning his involvement with a narcotics enforcement unit, any prejudice caused by this testimony was dissipated by the trial court's prompt curative instruction (*see, People v Vincent,* 250 AD2d 787, 788; *People v Baez,* 208 AD2d 638, 639).

The defendant's conviction of criminal possession of a controlled substance in the seventh degree must be vacated since that count is a lesser-included offense of the crime of criminal possession of a controlled substance in the third degree (*see,* CPL 300.40 [3] [b]; *People v Owens,* 249 AD2d 419, 420-421; *People v Hammond,* 220 AD2d 684, 686). However, criminal possession of a controlled substance in the third degree is not a lesser-included offense of the crime of criminal sale of a controlled substance in the third degree, since offenses relating to the possession of controlled substances are not lesser-included offenses of crimes prohibiting their sale (*see, People v Reed,* 222 AD2d 459; *People v Byrd,* 214 AD2d 581; *People v Campbell,* 175 AD2d 612). Accordingly, the defendant is not entitled to dismissal of that count of the indictment charging criminal possession of a controlled substance in the third degree.

The defendant's sentence is not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. S. Miller, J. P., H. Miller and Smith, JJ., concur.

Goldstein, J., concurs in the result, with the following memo-

randum: The defendant's defense was that he was arrested at a location different from that described by the undercover officer and the arresting officer, and that therefore the police were not telling the truth. The prosecutor, in rebuttal, was properly permitted to present the testimony of a police sergeant that the arrest to which defense witnesses referred occurred months later and for an unrelated matter.

The defense counsel argued that the jury must be informed that the unrelated arrest was for charges which the District Attorney declined to prosecute. The prosecutor argued, however, that eliciting such information was unnecessary, because "the case itself has no relevance to this jury." The court concurred, noting that "[n]othing about the underlying facts should come out."

Nevertheless, on direct examination of the police sergeant, the prosecutor asked "what is your current assignment?" and the sergeant replied "I work for the Street Narcotics Enforcement Unit," revealing to the jury that the unrelated arrest was in all probability related to narcotics.

The trial court found, and I concur, that the prosecutor's question was designed to elicit improper testimony, in violation of a prior court order and the prosecutor's assurances that no such information would be revealed.

As a result, the court deemed it necessary to inform the jury that the People declined to prosecute the defendant for the unrelated charges. Irrelevant, collateral material was placed before the jury. In view of the court's prompt complete curative instructions, reversal is unwarranted. However, the prosecutor's intentional misconduct, in violation of a prior court order and the prosecutor's own assurances, warrants a strong admonition from this Court.