■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BAXTON, Appellant. [754 NYS2d 570] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered November 16, 1998, convicting him of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in the fifth degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is modified, on the law, by vacating the convictions of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled

substance in the seventh degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress prerecorded money recovered from him by the police. The testimony of a police officer was sufficient to satisfy the People's burden of showing that the defendant's arrest was substantiated by probable cause (*see People v Ketcham,* 93 NY2d 416). The defendant's contention with respect to that branch of his omnibus motion which was to suppress identification testimony is unpreserved for appellate review because the defendant did not raise that issue at the hearing (*see People v Charlotte,* 281 AD2d 254). In any event, the contention is without merit (*see People v Ketcham, supra*).

As correctly conceded by the People, the defendant's convictions of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree must be vacated. The sale count was a lesser-included offense of criminal sale of a controlled substance in the third degree, and the possession count was a lesser-included offense of criminal possession of a controlled substance in the third degree. Those counts should have been dismissed, as they related to the same bag of cocaine (*see* CPL 300.40 [3] [b]; *People v Excell,* 254 AD2d 370).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.