◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANEQUA HARRIS, Appellant. [764 NYS2d 669] —Rose, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered December 11, 2000, convicting defendant upon her plea of guilty of the crime of assault in the first degree.

Defendant entered a counseled plea of guilty to the crime of assault in the first degree in satisfaction of a five-count indictment, waiving her right to appeal. She was sentenced pursuant to the terms of a plea agreement to a determinate prison term of 10 years. On this appeal, defendant contends that her guilty plea was not knowingly, voluntarily or intelligently entered. As she has failed to move either to withdraw her plea or to vacate the judgment of conviction, this issue has not been

preserved for our review (*see People v Nieves*, 302 AD2d 625 [2003], *lv denied* 100 NY2d 541 [2003]; *People v Camp*, 302 AD2d 629 [2003]). The exception to this rule is inapplicable here as the plea colloquy casts no significant doubt upon defendant's guilt of her crime, which involved slashing the victim in the face with a box cutter (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Kemp*, 288 AD2d 635, 636 [2001]).

Nevertheless, were we to consider the merits of defendant's contention that her guilty plea was invalid because she was under the influence of an unidentified medication at the time she entered it, the transcript of the plea hearing reveals no indication of intellectual impairment on her part (*see People v Hinkein*, 295 AD2d 811, 812 [2002], *lv denied* 99 NY2d 536 [2002]). County Court fully discussed the issue of defendant's medication with her before accepting her guilty plea, ascertaining that she understood both the nature of her plea and its consequences. At that time, defendant acknowledged that the medication did not adversely affect her judgment and that it, for the most part, enabled her to think more clearly. Based upon the record before us, we find no basis upon which to disturb the underlying plea (*see People v Williamson*, 301 AD2d 860, 861-862 [2003], *lv denied* 100 NY2d 567 [2003]; *People v McCann*, 289 AD2d 703, 704 [2001]). We have considered defendant's remaining contentions and find them to be equally lacking in merit.

Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.