■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH NIMMONS, Appellant. [845 NYS2d 462]—

Crew III, J.P. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered October 13, 2005, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted on one count of criminal sale of a controlled substance in the third degree stemming from a cocaine sale in the Town of Union, Broome County. Defendant entered a plea of guilty to the charge in satisfaction of the instant indictment, other outstanding charges and a possible perjury charge arising from his grand jury testimony and was sentenced as a second felony offender to a prison term of six years to be followed by a 1¹/₂-year period of postrelease supervision. Defendant now appeals.

Initially, we find no merit to defendant's contention that his plea was fatally "vague and insufficient" because his plea made out both the crime of criminal sale of a controlled substance in the third degree (*see* Penal Law § 220.39 [1])—the charge to which he was entering his guilty plea—and the crime of criminal sale of a controlled substance in the fifth degree (*see* Penal Law § 220.31). Simply put, criminal sale of a controlled substance in the fifth degree is a lesser included offense of criminal sale of a controlled substance in the third degree (*see People v Baxton*, 302 AD2d 401, 402 [2003], *lv denied* 99 NY2d 652 [2003]) and, by definition, "it is impossible to commit [the crime of criminal sale of a controlled substance in the third degree]

without concomitantly committing, by the same conduct, [the crime of criminal sale of a controlled substance in the fifth degree]" (CPL 1.20 [37]; *see People v Glover*, 57 NY2d 61, 63-64 [1982]). Consequently, defendant's plea to the greater charge necessarily satisfied the elements of the lesser charge, and his claim that this requires vacatur is patently meritless. In his plea allocution, defendant clearly and unequivocally admitted to knowingly selling a narcotic drug—cocaine—and, as such, we decline to disturb his conviction of criminal sale of a controlled substance in the third degree.

Next, inasmuch as he has not moved to withdraw his guilty plea or vacate the judgment of conviction, defendant's contention that he was coerced into pleading guilty is unpreserved for our review (*see People v Martinez*, 40 AD3d 1309, 1310 [2007]; *People v Harris*, 308 AD2d 659, 659-660 [2003]). In any event, defendant's argument is without merit. Defendant asserts that he was coerced into pleading guilty because the People were contemplating bringing a perjury charge against him based upon his grand jury testimony if he did not accept the plea. First, we note that the record demonstrates that it was defendant, not the People, who raised this issue when he declared that he "want[ed] to make sure that any uncharged criminal activity . . . will be wrapped up in satisfaction of this guilty plea," and that defendant also stated that he was not forced or pressured "in any way" into pleading guilty. Even so, the fact that the People's promise to refrain from further prosecution may have induced defendant to plead guilty did not, under the circumstances, "render defendant's acceptance of the plea involuntary by reason of duress or coercion" (*People v Berezansky*, 229 AD2d 768, 770 [1996], *lv denied* 89 NY2d 919 [1996]; *see People v France [Jenkins]*, 241 AD2d 525 [1997], *lvs denied* 91 NY2d 873, 875 [1997]; *People v Winchenbaugh*, 120 AD2d 811, 813 [1986]; *see also People v Anderson [Anderson-Fialkow]*, 270 AD2d 509, 510 [2000], *lvs denied* 95 NY2d 792, 793 [2000]; *People v Brown*, 239 AD2d 784, 784-785 [1997], *lv denied* 91 NY2d 870 [1997]).

Finally, the record belies defendant's claim that his plea was involuntary based upon the fact that he may have been experiencing pain at the time of his plea due to his ocular disability. Upon defendant's declaration that he was in pain, County Court inquired further to insure that he understood the nature of his plea and its consequences, and we discern no basis upon which to disturb it (*see People v Harris*, 308 AD2d at 660; *People v McCann*, 289 AD2d 703, 703-704 [2001]).

Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.