People v Demello (2020 NY Slip Op 05222)





People v Demello


2020 NY Slip Op 05222


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-01300
 (Ind. No. 38/17)

[*1]The People of the State of New York, respondent,
v
Minguel C. Demello, appellant.


Thomas T. Keating, Dobbs Ferry, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered January 11, 2018, convicting him of criminal contempt in the first degree and aggravated family offense (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement he made to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminal contempt in the first degree and two counts of aggravated family offense after he violated an order of protection directing him to stay away from his ex-girlfriend and her two children.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the record (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the County Court's determination denying that branch of the defendant's omnibus motion which was to suppress a statement he made to police on December 22, 2016, before Miranda warnings (see Miranda v Arizona, 384 US 436) were given, since that statement was spontaneous and not the result of interrogation or its functional equivalent (see People v Polancobatista, 155 AD3d 1064, 1064-1065; People v Browne, 144 AD3d 834).
Contrary to the defendant's contention, the County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) constituted a provident exercise of discretion, and did not deprive the defendant of the right to testify on his own behalf (see People v Smith, 18 NY3d 588, 593-594; [*2]People v Hayes, 97 NY2d 203, 207-208).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court