People v Funderburke

2026 NY Slip Op 03182

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Johnnie J. Funderburke, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2023-06501, (Ind. No. 71085/21)

Francesca E. Connolly, J.P.

Deborah A. Dowling

Lillian Wan

Susan Quirk, JJ.

Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Kim Marie Carson and Marion Tang of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony S. Senft, Jr., J.), rendered July 13, 2023, convicting him of criminal sale of a controlled substance in the third degree (five counts), criminal possession of a controlled substance in the third degree (six counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the fifth degree (two counts), and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

ORDERED that the judgment is affirmed.

The defendant was convicted of crimes pertaining to his possession and sale of narcotics, as well as his possession of a weapon.

The defendant failed to preserve for appellate review his contention that the County Court erred in failing to, sua sponte, dismiss counts 2, 4, 6, 8, and 10 of the indictment, charging him with criminal possession of a controlled substance in the third degree, on the ground that counts 1, 3, 5, 7, and 9 of the indictment, charging him with criminal sale of a controlled substance in the third degree, pertained to the same narcotics at issue in the respective possession counts (see CPL 470.05[2]; People v Evans, 240 AD3d 709, 711; People v Rodriguez, 126 AD2d 681, 682). In any event, the defendant's contention is without merit, as criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree are non-inclusory concurrent counts, and the court was permitted, in its discretion, to submit all those counts to the jury (see CPL 300.40[3][a]; People v Campbell, 175 AD2d 612, 612; see also People v Evans, 240 AD3d at 711; People v Biggs, 280 AD2d 484, 484; People v Figueroa, 219 AD2d 606, 607).

The defendant's contention that the People failed to establish that he knowingly possessed a narcotic drug that weighed four ounces or more to prove the crime of criminal possession of a controlled substance in the second degree is unpreserved for appellate review (see CPL 470.05[2]; Penal Law § 220.18[1]; People v Gray, 86 NY2d 10, 19; People v Pitre, 108 AD3d [*2]643, 643). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), there was legally sufficient evidence to establish that the defendant knowingly possessed a controlled substance weighing four ounces or more (see People v Foster, 153 AD3d 853, 854; People v Flemings, 6 AD3d 626, 627). The People were not required to prove that the defendant had knowledge of the aggregate weight of the controlled substance that he possessed (see Penal Law § 15.20[4]; People v Foster, 153 AD3d at 854). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).

The County Court also providently exercised its discretion in allowing the prosecutor to elicit evidence of the defendant's pretrial statement to police officers pertaining to the defendant's prior possession and display of a weapon. The evidence was probative of his knowing possession of the weapon at the time of the crimes charged, and the risk of prejudice did not outweigh the probative value (see People v Rojas, 97 NY2d 32, 36-39; People v Fuentes, 148 AD3d 824, 824). Defense counsel opened the door to this evidence by creating an impression, during cross-examination, that a firearm recovered by police officers belonged to the defendant's son, whose actions had induced the police to obtain a no-knock search warrant for the defendant's home (see People v Ali, 192 AD3d 1132, 1133; People v Nicosia, 18 AD3d 673, 673).

The defendant's contention that the count of the indictment charging criminal possession of a weapon in the second degree (see Penal Law § 265.03[3]) was jurisdictionally defective is without merit (see CPL 200.50[7][a]; People v Jones, 22 NY3d 53, 56; People v McCurbin, 188 AD3d 1098, 1098).

The defendant contends that his statements made to police officers before Miranda warnings (see Miranda v Arizona, 384 US 436) were given should have been suppressed because, after he had been placed under arrest in his home, a detective placed the defendant in an environment that was likely to elicit an incriminating response. This contention is unpreserved for appellate review, as the defendant failed to raise this issue before the County Court (see CPL 470.05[2]; People v Escamilla, 168 AD3d 758, 759). In any event, those statements were spontaneous and not the result of interrogation or its functional equivalent (see People v Demello, 186 AD3d 1709; People v Polancobatista, 155 AD3d 1064, 1064-1065).

The defendant contends that he was unconstitutionally sentenced as a second violent felony offender because a judge, rather than a jury, determined that his previous conviction was for a violent felony offense (see generally Erlinger v United States, 602 US 821; Apprendi v New Jersey, 530 US 466). This contention is without merit. Under the New York sentencing scheme, the question of whether a prior felony offense is a violent felony offense is not a factual one based on the circumstances of the crime, but rather a purely legal one based on whether the offense is one of the crimes listed in Penal Law § 70.02(1) (see id. § 70.04[1][a]). Thus, it is not a fact that must be found by a jury (see Erlinger v United States, 602 US at 834, 838-839; Almendarez-Torres v United States, 523 US 224, 226-227; People v Bell, 15 NY3d 935, 936; People v Moye, 242 AD3d 1220).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are without merit.

CONNOLLY, J.P., DOWLING, WAN and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court