Chief Judge Fuld.
A Kings County grand jury indicted Feliciano and Gonzalez, the defendants-respondents herein, along with a third defendant, Carlos Santana, for possession of a dangerous drug in the third degree (Penal Law, § 220.20). All three moved for dismissal of the indictment. The court at Criminal Term denied Santana’s application but granted the motions of the other two, and a divided Appellate Division affirmed the resulting order (40 A D 2d 1021). This was error; the motion should have been denied and the indictment sustained.
The grand jury minutes reveal that Santana disembarked from a ship on Pier 3 in Brooklyn at about 4:00 o’clock in the morning on September 12, 1969, carrying 10 pounds of mari *142 juana in a large plastic bag and that Feliciano and Gonzalez were parked nearby in an automobile. The minutes further disclose that, as Santana, discarding the bag, sought to flee from pursuing customs officers—who had stationed themselves on Pier 3 following receipt of information that an attempt would be made to “ land ” marijuana from a ship berthed at that pier —Feliciano and Gonzalez started up their vehicle and headed for Santana and that the latter, when the car came abreast of him, “ got in ” the rear seat.
In our view, the evidence before the grand júry was ‘ ‘ legally sufficient”, within the sense of the applicable statute (CPL 190.65), “ to establish ” that Feliciano and Gonzalez committed the offense charged against them: prima facie, such évidence supported the inference that they were parked where they w'ere, and acted as they did, to aid and abet Santana—who physically possessed the marijuana—to commit the crime charged of possessing a dangerous drug in the third degree. In other words, the testimony before the grand jury was sufficient to stamp the defendants-respondents before us as accomplices and accessories of Santana and, by that token, principals in the commission of the offense with which they were charged (Penal Law, § 20.00). At the very least, though, as the dissenting Appellate Division justices observed (40 A D 2d, at p. 1022), it was “ sufficient * * * to establish that * *■ * they had committed the lesser included crime of an attempt to commit the crime charged in the indictment ”. (See CPL 210.20, subd. 1, par. [b].)
We need not at this time consider the lawfulness of either the arrest of the defendants or the search and seizure of evidence. (Cf. People v. Horowitz, 21 N Y 2d 55; Draper v. United States, 358 U. S. 307.)
The order appealed from should be reversed and the indictment against defendants Feliciano and Gonzalez reinstated.
Judges Bxtbke, Bbeitel, Jasen, Gabbxelli, Jones and Wachtlek concur.
Order reversed, etc.