■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DOMINIC A. TURDO, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the County Court, Westchester County, dated March 23, 1979, as, upon an inspection of the Grand Jury minutes, dismissed the indictment. Order reversed insofar as appealed from, on the law, indictment reinstated, and case remitted to the County Court, Westchester County, for further proceedings consistent herewith. The defendant was indicted for criminal possession of marihuana in the first degree in that he knowingly and unlawfully possessed in excess of 10 pounds of marihuana. When the crime was allegedly committed, the Marihuana Reform Act of 1977 (L 1977, ch 360) controlled and graded marihuana offenses upon the "pure" weight, rather than the "aggregate" weight, of the substance involved. (See People v Houston, 72 AD2d 369.)* Upon the defendant's motion, the County Court examined the Grand Jury minutes and correctly concluded that, although the evidence demonstrated the defendant's possession of a mixture containing marihuana, it did not establish his possession of a quantity of "pure" marihuana sufficient to sustain the charge of criminal possession of marihuana in the first degree as alleged in the indictment. The court, however,

---

* The Legislature subsequently amended the act to revert to an aggregate weight standard in marihuana cases. (See L 1979, ch 265.)

erred in thereupon ordering the indictment dismissed. On a motion to inspect the Grand Jury minutes and dismiss the indictment, a court may dismiss only if there is insufficient evidence to establish the crime charged or any lesser included offense (CPL 210.20, subd 1, par [b]; *People v Leichtweis,* 59 AD2d 383; *People v Frisbie,* 40 AD2d 334). Where, as here, the "pure" weight of the marihuana present in a mixture cannot be established, the evidence is nevertheless sufficient to sustain the lesser included offense of unlawful possession of marihuana (see Penal Law, § 221.05; *People v Houston, supra).* Accordingly, the defendant's motion to dismiss the indictment for legal insufficiency of the Grand Jury evidence should have been denied. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.

