■ GEORGE F. STROBRIDGE, Appellant, v MARTHA W. STROBRIDGE, Respondent. (Appeal No. 2.) — Appeal unanimously dismissed as moot in view of determination in *Strobridge v Strobridge* (Appeal No. 1) (89 AD2d 1058). (Appeal from order of Supreme Court, Monroe County, Rosenbloom, J. — discharge receiver.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman, and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY WOODS, Appellant. — Judgment unanimously modified, on the law, and, as modified, affirmed and matter remitted to Onondaga County Court for resentencing, in accordance with the following memorandum: Following a jury trial, defendant was convicted of the sale of marihuana in the third degree (Penal Law, § 221.45) and sentenced as a predicate felony offender to two to four years in Attica Correctional Facility. In its instructions to the jury, the court erroneously charged the "aggregate weight" standard of measurement for determining whether the defendant had sold "more than twenty-five grams" of marihuana as required under section 221.45 of the Penal Law. Although the Penal Law was amended in 1979 to adopt the aggregate weight standard, that amendment was not effective until September 1, 1979. The sale of marihuana with which defendant was charged occurred on November 27, 1978 and thus the jury should have been instructed to apply the "pure weight" standard in effect at that time (see *People v Ferguson,* 81 AD2d 1020; *People v Turdo,* 74 AD2d 614; *People v Houston,* 72 AD2d 369). Inasmuch as the evidence proved conclusively that defendant sold a substance containing marihuana to an undercover police officer, there is no need for a new trial. The judgment is modified by reducing defendant's conviction for sale of marihuana in the third degree to sale of marihuana in the fourth degree (Penal Law, § 221.40) which does not require proof of quantity (see *People v Ferguson, supra; People v Houston, supra*). The matter is remitted to Onondaga County Court for resentencing consistent with modification of the judgment of conviction. (Appeal from judgment of Onondaga County Court, Gale, J. — criminal sale of marihuana, third degree.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.

■ EDWARD W. SOPLOP, on Behalf of Himself and All Other Shareholders of Soplop Bros., Inc., Similarly Situated, Respondent, v GENEVIEVE SOPLOP, Individually and as Executrix and Successor in Interest to JOHN SOPLOP, Deceased, et al., Appellants. — Appeal unanimously dismissed, without costs, upon stipulation. (Appeal from order of Supreme Court, Cattaraugus County, Ricotta, J. — dismiss complaint.) Present — Dillon, J. P., Callahan, Doerr, Denman and Moule, JJ.