■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY SKINNER, Appellant. [704 NYS2d 18] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered June 23, 1997, convicting defendant, after a jury trial, of assault in the first degree, criminal possession of a weapon in the second degree (3 counts) and tampering with a witness in the fourth degree, and sentencing him, as a persistent felony offender, to four concurrent terms of 25 years to life concurrent with a term of 1 year, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to four concurrent terms of 17 years to life concurrent with a term of 1 year, and otherwise affirmed.

Defendant failed to preserve his claim that his assault conviction was supported by insufficient evidence of intent to cause serious physical injury, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the evidence amply demonstrated that he shared a community of purpose with his codefendants in shooting the victim.

Ambiguous testimony cited by defendant does not establish abandonment of the intent to inflict serious physical injury, and defendant's flight with his codefendants provided further evidence of community of purpose.

The court properly exercised its discretion in denying defendant's challenge for cause, since the record establishes that the prospective juror in question never suggested any inability to be fair and impartial.

The court properly exercised its discretion in admitting the Grand Jury testimony of an eyewitness, since the People proved by clear and convincing evidence, following a hearing, that the witness's unavailability at trial was caused by threats made by defendant (*People v Geraci*, 85 NY2d 359). The court properly exercised its discretion in declining defendant's request that it attempt to compel the witness to testify, since the witness had already testified that he was aware of his legal obligation to testify but that his fear was so intense that he would rather go to jail.

Since there was no repugnancy in the jury's verdict (*see*, *People v Tucker*, 55 NY2d 1), the court properly refused to resubmit the case to the jury.

We find the sentence excessive to the extent indicated.

Defendant's motion to vacate judgment was properly denied (*see*, CPL 440.30 [4] [d]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.