[845 NE2d 451, 812 NYS2d 20]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MILLER, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRISTOPHER RODRIGUEZ, Respondent.

Argued January 5, 2006; decided February 16, 2006

**POINTS OF COUNSEL**

*Center for Appellate Litigation,* New York City (*Barbara Zolot* and *Robert S. Dean* of counsel), for appellant in the first above-entitled action. I. Alternate juror No. 3's extraordinary intercession in repeating and interpreting the answers of a vocally impaired witness mandates reversal. (*People v Ahmed,* 66 NY2d 307; *People v Agramonte,* 87 NY2d 765; *People v Patterson,* 39 NY2d 288, 432 US 197; *Cancemi v People,* 18 NY 128; *People v Mehmedi,* 69 NY2d 759; *People v Antommarchi,* 80 NY2d 247; *People v Bradner,* 107 NY 1; *People v Coons,* 75 NY2d 796; *People v O'Rama,* 78 NY2d 270; *People v Maragh,* 94 NY2d 569.) II. The court's confusing and burden-shifting response to a note

from the deliberating jury constituted reversible error. (*People v Owens,* 69 NY2d 585; *People v Malloy,* 55 NY2d 296; *In re Winship,* 397 US 358; *People v Newman,* 46 NY2d 126; *Sullivan v Louisiana,* 508 US 275; *Apprendi v New Jersey,* 530 US 466; *People v Johnson,* 11 AD3d 224, 4 NY3d 745; *United States v Viafara-Rodriguez,* 729 F2d 912; *Cupp v Naughten,* 414 US 141; *People v Fields,* 87 NY2d 821.) III. The court erred in answering the deliberating jury's request for the unadmitted voicemail transcript through court personnel and when counsel and appellant were absent from the courtroom, and in conducting reconstruction proceedings in appellant's absence. (*People v O'Rama,* 78 NY2d 270; *People v Torres,* 72 NY2d 1007; *People v Mehmedi,* 69 NY2d 759; *People v Damiano,* 87 NY2d 477; *People v Owens,* 69 NY2d 585; *People v Rosado,* 262 AD2d 62; *People v Porteous,* 193 AD2d 631; *People v Mitchell,* 2 AD3d 145; *People v Lykes,* 81 NY2d 767; *People v Jones,* 70 NY2d 547.) IV. The second degree intentional murder and second degree felony murder counts were inclusory concurrent counts of the first degree murder count (Penal Law § 125.27 [1] [a] [vii]), mandating their dismissal after the jury convicted appellant of first degree murder. (*People v Weathersby,* 44 NY2d 686; *People v Yavru-Sakuk,* 98 NY2d 56; *Simmons v Reynolds,* 898 F2d 865; *People v Laureano,* 87 NY2d 640; *People v Laing,* 79 NY2d 166; *Dedieu v People,* 22 NY 178; *People v Flores,* 42 AD2d 431; *People v Wolf,* 59 AD2d 547; *People v Doyle,* 3 AD3d 126; *People v Hildreth,* 279 AD2d 791.)

*Robert M. Morgenthau, District Attorney,* New York City (*Patricia Curran* and *Susan Gliner* of counsel), for respondent in the first above-entitled action. I. Defendant is not entitled to a new trial based on his unpreserved complaint that an alternate juror assisted a voice-impaired defense witness to communicate at trial. (*People v Ahmed,* 66 NY2d 307; *People v Kinchen,* 60 NY2d 772; *People v McLucas,* 15 NY2d 167; *People v Bonaparte,* 78 NY2d 26; *People v Almodovar,* 178 AD2d 133; *People v Hernandez,* 94 NY2d 552; *People v Nacey,* 78 NY2d 990; *People v Padilla,* 166 AD2d 291; *People v Perez,* 298 AD2d 121; *People v Monroe,* 90 NY2d 982.) II. Defendant's complaint about the trial court's supplemental instruction has not been preserved for review by this Court. In any event, that instruction was proper and the court's charge as a whole conveyed the correct standard. (*People v Hoke,* 62 NY2d 1022; *People v Johnson,* 11 AD3d 224; *People v Le Mieux,* 51 NY2d 981; *People v Karabinas,* 63 NY2d 871; *People v Agosto,* 73 NY2d 963; *People v Lourido,* 70 NY2d 428; *People v Almodo-*

var, 62 NY2d 126; *People v Patterson,* 39 NY2d 288; *People v Thomas,* 50 NY2d 467; *Sandstrom v Montana,* 442 US 510.) III. The trial court acted properly with respect to its handling of the deliberating jury's request for an item that had not been received into evidence, as well as the hearing that was subsequently conducted to reconstruct the court's actions. (*People v O'Rama,* 78 NY2d 270; *People v Damiano,* 87 NY2d 477; *People v Rosado,* 262 AD2d 62; *People v Porteous,* 193 AD2d 631; *People v Dunham,* 261 AD2d 909; *People v Toliver,* 89 NY2d 843; *People v Ahmed,* 66 NY2d 307; *People v Bonaparte,* 78 NY2d 26; *People v Torres,* 72 NY2d 1007; *People v Ciaccio,* 47 NY2d 431.) IV. The counts charging defendant with second degree murder of Mark Pressley should not be dismissed as inclusory concurrent counts of the first degree murder conviction. (*People v Rodriguez,* 7 AD3d 545, 3 NY3d 742; *People v Hildreth,* 279 AD2d 791; *People v Brown,* 67 NY2d 555; *People v Weathersby,* 44 NY2d 686; *People v La-Valle,* 3 NY3d 88; *People v Abrew,* 95 NY2d 806; *People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427; *People v Ramos,* 15 AD3d 236; *People v Henry,* 309 AD2d 717.)

*Richard A. Brown, District Attorney,* Kew Gardens (*Sharon Y. Brodt* and *John M. Castellano* of counsel), for appellant in the second above-entitled action. The second degree murder counts are not inclusory concurrent counts of first degree murder and should not have been dismissed. (*People v Brown,* 67 NY2d 555; *People v Weathersby,* 44 NY2d 686; *People v Abrew,* 95 NY2d 806; *People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427; *Furman v Georgia,* 408 US 238; *People v Fitzpatrick,* 32 NY2d 499; *People v Smith,* 63 NY2d 41; *People v Davis,* 43 NY2d 17; *People v LaValle,* 3 NY3d 88.)

*M. Chris Fabricant,* New York City, and *Lynn W.L. Fahey* for respondent in the second above-entitled action. The Appellate Division properly dismissed the second degree murder counts as inclusory concurrent counts of first degree murder because, contrary to the People's position, second degree murder is an of-fense of lesser "degree" or "grade" than first degree murder. (*People v Grier,* 37 NY2d 847; *Dedieu v People,* 22 NY 178; *People v Cahill,* 2 NY3d 14; *People v Hildreth,* 279 AD2d 791; *People v Couser,* 258 AD2d 74; *People v Miller,* 8 AD3d 176, 4 NY3d 766; *People v Weathersby,* 44 NY2d 686; *People v Brown,* 67 NY2d 555; *People v Abrew,* 95 NY2d 806; *People v Davis,* 10 AD3d 583.)

**OPINION OF THE COURT**

ROSENBLATT, J.

In the two first degree murder convictions before us, we address the question of what makes an offense lesser included, and hence dismissible as an inclusory concurrent count.

*People v Rodriguez*

Defendant Rodriguez lived with his family in the same Queens apartment building as the victim. Rodriguez apparently harbored a grudge against the victim, believing that she was responsible for his family's eviction. After his accomplice removed a fan from the victim's kitchen window, Rodriguez entered her apartment. When she discovered him, he pulled out a knife and stabbed her 13 times, killing her.

Rodriguez was convicted of first degree murder under Penal Law § 125.27 (1) (a) (vii) (intentional felony murder) and two counts of second degree murder under Penal Law § 125.25 (1) and (3) (intentional murder and felony murder, respectively), as well as first degree burglary, criminal possession of a weapon in the fourth degree and criminal possession of stolen property in the fifth degree. Citing CPL 300.30 (4), the Appellate Division modified by dismissing the two second degree murder counts as inclusory concurrent counts of the first degree murder count and otherwise affirmed (7 AD3d 545 [2004]). The People appeal the dismissal of the two second degree murder counts. We affirm.

*People v Miller*

Defendant Miller accosted a man and a woman who were getting into a car, apparently after they had bought drugs. Threatening them with a gun, he demanded drugs and jewelry, and grew angry when the woman insisted she had nothing to give. He then shot the man in the head, killing him, and ran.

Like Rodriguez, Miller was convicted of murder in the first degree under Penal Law § 125.27 (1) (a) (vii) and two counts of second degree murder under Penal Law § 125.25 (1) and (3). He was also convicted of robbery in the first degree, attempted robbery in the first degree and criminal possession of a weapon in the second and third degrees. The Appellate Division affirmed and Miller appeals. We now modify and dismiss the two second degree murder convictions as inclusory concurrent counts.

## Inclusory Concurrent Counts

The Appellate Division routinely modifies convictions by dismissing inclusory concurrent counts.[1] Inasmuch as lesser counts are subsumed within higher ones, the lesser counts are superfluous, and a defendant's conviction properly rests on the higher count or counts. In dismissing lesser included counts, the Appellate Division acts on the authority of CPL 300.40 (3) (b). That section provides as follows, in pertinent part:

> "With respect to inclusory concurrent counts, the court must submit the greatest or inclusive count and may or must . . . also submit, but in the alternative only, one or more of the lesser included counts. *A verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted, but not an acquittal thereon . . ."* (emphasis added).

In both appeals, the People contend that the second degree murder counts are not lesser included under the first degree murder convictions. They argue that because first degree murder (Penal Law § 125.27 [1] [a] [vii]) is a class A-I felony, it is not "greater" than second degree intentional murder (Penal Law § 125.25 [1]) or felony murder (Penal Law § 125.25 [3]), both of which are also classified as A-I felonies. That being so (the argument goes), the two second degree murder counts cannot be inclusory concurrent counts of first degree murder within the meaning of CPL 300.40.

We disagree, as did the Appellate Division in *Rodriguez*. CPL 300.30 (4) provides, in part, that "[c]oncurrent counts are 'inclusory' when the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater." It would be inapt to read the "greater" with reference only to the offenses' A-I felony classification. Most importantly, the crimes here are unequivocally of different degrees and carry considerably different sen-

---

1. There are dozens of such cases. A sampling of some of the more recent includes *People v Crumbs* (295 AD2d 227 [1st Dept 2002] [second degree assault inclusory concurrent count under first degree assault]); *People v Romain* (5 AD3d 611 [2d Dept 2004] [third degree assault lesser included under assault second degree]); *People v Harp* (20 AD3d 672 [3d Dept 2005] [endangering the welfare of a child is inclusory concurrent count under course of sexual conduct against a child, second degree]); and *People v Hackworth* (6 AD3d 1064 [4th Dept 2004] [robbery, third degree, lesser included offense of robbery, second degree]; *see also People v Robinson*, 45 NY2d 448, 454 [1978]).

tences.[2] Significantly, murder in the first degree under Penal Law § 125.27 stands alone in that, when enacting the statute, the Legislature made it punishable by death or life without parole (CPL 400.27 [1]; Penal Law § 70.00 [5]). On the other hand, second degree murder (both felony murder and intentional) carries 15 to 25 years to life (Penal Law § 70.00 [2] [a]; [3] [a] [i]).

That would be the end of the matter were it not for the People's argument pursuant to the "impossibility" doctrine of CPL 1.20 (37): "When it is impossible to commit a particular crime without concomitantly committing, *by the same conduct*, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense' " (emphasis added).

Designed as a capital murder statute, Penal Law § 125.27 begins with intentional murder as its predicate. The statute goes on to list 13 aggravating factors (including subparagraph [vii], which generally tracks felony murder under Penal Law § 125.25 [3]), any one of which raises the crime to first degree murder. We have called it intentional "murder 'plus' " (*People v Cahill*, 2 NY3d 14, 64 [2003]; *see also People v Duggins*, 3 NY3d 522, 532-533 [2004]), and therefore have no difficulty in concluding that intentional murder plus includes intentional murder. In the vocabulary of CPL 1.20 (37), it is impossible to commit intentional murder plus without at the same time committing intentional murder.

The felony murder paradigm, however, lacks this simplicity, and here the prosecution has made a novel argument. Intentional felony murder is felony murder based on an intentional killing. But there is a quirk: the felonies predicating intentional felony murder under section 125.27 (1) (a) (vii) are not identical to those underlying ordinary felony murder under section 125.25 (3). The two statutes are similar in that both deal with most of the same predicate felonies (with slight variations in degree),[3] but the People point out that there is a predicate found in the intentional felony murder statute that is not contained in the

---

**2.** *People v Weathersby* (44 NY2d 686 [1978]) and *People v Brown* (67 NY2d 555 [1986]), upon which the People rely, both involved crimes that, unlike the ones before us, carried the same penalties and were held noninclusory.

**3.** For example, second degree felony murder (Penal Law § 125.25 [3]) includes as predicate crimes robbery, burglary and arson in the first degree, whereas Penal Law § 125.27 (1) (a) (vii) names those crimes in the second degree as well. Penal Law § 125.25 (3) includes second degree escape, whereas Penal Law § 125.27 (1) (a) (vii) does not.

standard felony murder statute, namely, flight after attempting to commit murder in the second degree. Thus, a defendant who tries unsuccessfully to kill victim A and, in flight, intentionally kills victim B would be guilty of first degree intentional felony murder but not second degree felony murder.

In *People v Glover* (57 NY2d 61 [1982]), we established a two-part test to determine what is lesser included. First, it must, in the abstract, be impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct. Second, there must be a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater. The People argue that it is theoretically possible to commit the higher crime (intentional felony murder) while not at the same time committing the lesser crime (felony murder) and that as a result, felony murder is not lesser included within intentional felony murder.

We disagree. Although the People's premise may have merit in the most technical sense, their conclusion does not follow in this case, where the higher crime can be committed in alternative ways, through different conduct. In *People v Green* (56 NY2d 427, 430-431 [1982]), we touched on this point, and said: "The impossibility element speaks not to *all the variations of the greater* offense that are detailed in a Penal Law section with numerous subdivisions, but only to the subdivision which the particular act or omission referred to in the indictment brings into play" (emphasis added). The act or omission that triggers the greater offense charged indicates what variation of that offense should be analyzed. Section 125.27 (1) (a) (vii) predicates an intentional felony murder conviction on the underlying felonies of, among others, first or second degree burglary, robbery *or* flight from attempted second degree murder. We have made it clear that it is improper to analyze the impossibility test "by examination only of the criminal transaction on which the particular prosecution was predicated" (*Glover*, 57 NY2d at 64). However, the impossibility test will still be met where "in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, *by the same conduct*, committing the lesser offense" (*id.* at 63 [emphasis supplied]).

In this instance, given the nature of the intentional felony murder statute, our holding falls comfortably within the concepts laid out in *Green* and *Glover*. Indeed, by affirming the Appellate Division in *Rodriguez* and modifying in *Miller*, we

have no intention of departing from *Glover*. Before we decided *Glover*, a crime was considered lesser included with reference only to the particular facts of the case. Thus, criminal possession of stolen property could be a lesser included offense under a robbery indictment if, under the facts, the defendant was guilty of criminal possession of stolen property (*e.g.*, *People v Hayes*, 35 NY2d 907 [1974]; *see also People v Cionek*, 35 NY2d 924 [1974]).

In *Glover*, we changed the rule and held that "impossibility" refers not only to the facts of the case but to whether it is, in theory, impossible to commit the greater crime without by the same *conduct* committing the lesser (*Glover*, 57 NY2d at 63). Since that time we have consistently applied the impossibility test in accordance with *Glover*, concluding in a number of instances that, because the first *Glover* prong was not met, down-charges should not have been given to the jury.[4] We reaffirm this established line of cases.

In the appeal before us, however, the structure of the intentional felony murder statute leads us to conclude that felony murder is a lesser-included crime under intentional felony murder. Were we to rule otherwise, it would mean that if a defendant is charged in a single-count intentional felony murder indictment, neither the prosecution nor the defense could ever have the jury consider felony murder. This would improperly tie the hands of the jury, the court and the parties, and we are unwilling to extend the impossibility doctrine that far.

Here, Rodriguez was charged with burglary and Miller with robbery as the underlying felonies for felony murder. That someone else could conceivably commit intentional felony murder predicated upon another form of felonious conduct (without committing standard felony murder) does not alter the greater-lesser relationship between intentional felony murder based on burglary or robbery and standard felony murder based on burglary or robbery.

Lastly, defendant Miller's claim of error with regard to the court's charge to the jury is unpreserved and his remaining contentions are without merit. Accordingly, the order of the Appellate Division in *People v Rodriguez* should be affirmed, and

---

4. *E.g., People ex rel. Gray v Tekben*, 57 NY2d 651 (1982); *People v Luther*, 61 NY2d 724 (1984); *People v Gonzalez*, 61 NY2d 586 (1984); *People v Wheeler*, 67 NY2d 960 (1986); *People v Brown*, 70 NY2d 857 (1987); *People v Ford*, 76 NY2d 868 (1990).

the order of the Appellate Division in *People v Miller* should be modified by vacating defendant's conviction of two counts of murder in the second degree and remitting to Supreme Court for resentencing and, as so modified, affirmed.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO and R.S. SMITH concur; Judge READ taking no part.

In *People v Miller:* Order modified by vacating defendant's conviction of two counts of murder in the second degree and remitting to Supreme Court, New York County, for resentencing and, as so modified, affirmed.

In *People v Rodriguez:* Order affirmed.