(September 9, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE DAVIS, Appellant. [863 NYS2d 212]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered February 7, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 4¹/₂ years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The jury rejected defendant's testimony, in which he asserted an agency defense, and we find no basis for disturbing the jury's credibility determinations.

With respect to defendant's contention that Supreme Court erred in failing to submit to the jury the offense of criminal possession of a controlled substance in the seventh degree as a lesser included offense of criminal sale of a controlled substance in the third degree, the decision of the Third Department in *People v Cogle* (94 AD2d 158 [1983]) is the leading case decided after *People v Glover* (57 NY2d 61 [1982]) holding that possession offenses are not lesser included offenses of crimes prohibiting the sale of controlled substances. As the Third Department observed, the term "sell" includes an "offer or agree[ment]" to sell (Penal Law § 220.00 [1]), and "it is not necessary to possess a controlled substance in order to offer or agree to sell it" (94 AD2d at 159; *see also People v Harrison*, 136 AD2d 469, 470 [1988], *lv denied* 71 NY2d 897 [1988]). For that reason, the Court concluded that it was theoretically possible to commit the greater offense of sale of a controlled substance without at the same time committing the lesser offense of possession (*id.*).

The validity of that conclusion is not undermined by the holding in *People v Mike* (92 NY2d 996, 998 [1998]) that a convic-

tion for criminal sale under an offer to sell theory (Penal Law § 220.00 [1]) requires proof that the defendant "had both the intent and the ability to proceed with the sale." Regardless of whether someone who is not in actual possession of a controlled substance can have the "ability to proceed with [a] sale" without being in constructive possession of the contraband (*see People v Manini*, 79 NY2d 561, 573 [1992] [constructive possession requires proof that "the defendant exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized"]), a person can be convicted of an actual sale of a controlled substance even though he is neither in actual nor constructive possession of a controlled substance. As the People correctly argue, a person who knows where drugs may be purchased but has no possessory interest in them may direct a buyer to the source of the drugs and make a profit on the ensuing sale by acting as a middleman without ever coming into actual possession of the drugs. Such a middleman is guilty of selling the drugs (*see People v Argibay*, 45 NY2d 45, 53 [1978], *cert denied sub nom. Hahn-DiGuiseppe v New York*, 439 US 930 [1978]).

Pursuant to Penal Law § 20.10, this seller would not be guilty "as an accessory to the resulting possession by the purchaser" (*People v Manini*, 79 NY2d at 571). This hypothetical middleman, moreover, need not have "solicit[ed], request[ed], command[ed], importun[ed], or intentionally aid[ed]" (Penal Law § 20.00) the possession crime committed by the actual seller (*cf. People v Feliciano*, 32 NY2d 140 [1973]). Accordingly, it is not impossible in all circumstances to commit the crime of criminal sale of a controlled substance without concomitantly, and by the same conduct, committing the lesser crime of criminal possession of a controlled substance in the seventh degree (*People v Glover*, 57 NY2d at 63). Thus, criminal possession of a controlled substance in the seventh degree is not a lesser included offense of criminal sale of a controlled substance in the third degree.

Defendant also contends that an exception to the statutory definition of the term "lesser included offense" (CPL 1.20 [37]) should be recognized pursuant to which criminal possession of a controlled substance in the seventh degree would be deemed a lesser included offense of criminal sale of a controlled substance when, as a defense to the sale charge, the agency defense properly is submitted to the jury. As defendant stresses, the agency defense "is not a complete defense" (*People v Lam Lek Chong*, 45 NY2d 64, 74 [1978], *cert denied* 439 US 935 [1978]).

Rather, "[e]vidence that the defendant was acting solely as an agent of the buyer is properly employed to determine whether he is guilty of possession, instead of sale" (id.).

Although defendant's attorney did not expressly argue before the trial court that such an "exception" should be recognized, counsel did maintain that the simple possession charge should be submitted as a lesser included offense because the agency defense was being submitted to the jury. We need not determine, however, whether that protest was sufficient to preserve defendant's contention for review. Even assuming without deciding both that defendant did preserve his contention that such an exception should be recognized and that this contention otherwise has merit, this Court should not be the one to recognize it. The Court of Appeals has recognized an exception to the impossibility test of CPL 1.20 (37) pursuant to which "lower mental states" are deemed to be "necessarily included in the higher forms of mental culpability" (People v Green, 56 NY2d 427, 432 [1982]). But whether another exception to the statutory definition of the term "lesser included offense" should be recognized on account of the agency defense, which itself is of judicial origin (see People v Roche, 45 NY2d 78, 82-83 n 1 [1978], cert denied 439 US 958 [1978]), is a matter best left to the Court of Appeals. We note, moreover, that a panel of the Third Department has rejected the claim that such an exception should be recognized (People v Van Buren, 188 AD2d 887, 888 [1992], lv denied 82 NY2d 760 [1993]).

We perceive no basis for reducing the sentence. Concur—Saxe, J.P., Nardelli, Catterson and McGuire, JJ.