[903 NE2d 261, 874 NYS2d 864]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEBRUE JAMES, Appellant.

Argued November 19, 2008; decided December 18, 2008

### APPEARANCES OF COUNSEL

*Center for Appellate Litigation,* New York City (*Barbara Zolot* and *Robert S. Dean* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney,* New York City (*Christopher P. Marinelli* and *Alan Gadlin* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed. Because there was no reasonable view of the evidence to sup-

port a conviction of the lesser included offense of robbery in the third degree (Penal Law § 160.05), Supreme Court did not err in declining to submit that charge to the jury.

Defendant and three companions—Davis, Scott and Flores—approached the victim as he left his high school in Manhattan. After briefly conversing with him, Scott and Flores crossed the street to act as lookouts, while defendant and Davis closely surrounded and backed him against a wall. Defendant pressed his hip into the victim's waist, revealing what appeared to be a gun. At trial, the victim testified that he clearly saw the barrel and handle of a black gun. Defendant and Davis then took the victim's money and iPod.

Scott, who testified at trial for the People under a cooperation agreement, said that during the robbery he continued to look up and down the street, but he later crossed the street to tell defendant and Davis to hurry up. Although he claimed never to have seen defendant display a gun, he heard Davis say to the victim, "better give up all of [your] stuff, because [defendant] had a gun." After the robbery was complete, the victim called 911. The police arrived and defendant and his cohorts were apprehended nearby and identified by the victim. Defendant had $53—the amount of money taken from the victim—and Flores had the victim's iPod. No handgun was recovered. Defendant, Davis and Flores were tried jointly. Defendant argued that a conviction on the lesser charge would be permissible if the jury were to credit Scott's testimony that he saw no gun and conclude that defendant robbed the victim without a gun. Supreme Court denied defendant's request to charge the jury on robbery in the third degree as a lesser included offense of robbery in the first degree (Penal Law § 160.15 [4]), referring to the second count of the indictment—robbery in the second degree (Penal Law § 160.10 [1]) (aided by another actually present).

Defendant was convicted of both robbery in the first degree and robbery in the second degree. The Appellate Division affirmed the conviction, with one Justice dissenting, holding that while robbery in the third degree is a lesser included offense of robbery in the first degree, there was no reasonable view of the evidence to support the lesser included charge. Further, the Appellate Division held that the jury could not be permitted to parse the victim's testimony to conclude that defendant did not use a gun during the robbery.

To establish a charge on a lesser included offense, a defendant must show both that the greater crime cannot be committed without having concomitantly committed the lesser by the same conduct, and that a reasonable view of the evidence supports a finding that he or she committed the lesser, but not the greater, offense (*see People v Van Norstrand*, 85 NY2d 131, 135 [1995], *citing People v Glover*, 57 NY2d 61, 63 [1982]; *People v Scarborough*, 49 NY2d 364 [1980]; CPL 1.20 [37]; 300.50 [1]).

Although robbery in the third degree is a lesser included crime of robbery in the first degree, here there is no reasonable view of the evidence to support a jury finding that defendant committed robbery in the third degree and not robbery in the first degree. The victim testified that defendant had a gun. No other evidence, viewed reasonably, contradicted that testimony. Although Scott claimed not to have seen defendant with a gun from his vantage points—across the street and upon nearing defendant—even he acknowledged overhearing Davis say to the victim that defendant had a gun.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.