[923 NE2d 1095, 896 NYS2d 707]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE DAVIS, Appellant.

Argued October 22, 2009; decided November 24, 2009

**POINTS OF COUNSEL**

*Office of the Appellate Defender,* New York City (*Sara Gurwitch* and *Richard M. Greenberg* of counsel), for appellant. In a drug sale prosecution where there is a judicially-recognized agency defense, simple drug possession is a lesser included offense of drug sale. (*People v Glover,* 57 NY2d 61; *People v Cogle,* 94 AD2d 158; *People v Harrison,* 136 AD2d 469; *People v Lam Lek Chong,* 45 NY2d 64; *People v Andujas,* 79 NY2d 113; *People v Sierra,* 45 NY2d 56; *People v Alvarez,* 51 AD3d 167, 11 NY3d 785; *People v Carr,* 49 AD2d 656, 41 NY2d 847; *People v Van Buren,* 188 AD2d 887; *People v Mike,* 92 NY2d 996.)

*Robert M. Morgenthau, District Attorney,* New York City (*Vincent Rivellese* and *Patrick J. Hynes* of counsel), for respondent. Drug possession is not a lesser included offense of drug sale, regardless of whether the trial court submits the agency defense. (*People v Glover,* 57 NY2d 61; *People v Sierra,* 45 NY2d 56; *People v Van Buren,* 188 AD2d 887; *People v Leon,* 7 NY3d 109; *People v Barney,* 99 NY2d 367; *People v Martin,* 59 NY2d 704; *People v Van Norstrand,* 85 NY2d 131; *People v Mike,* 92 NY2d 996; *People v Gondolfo,* 94 Misc 2d 696; *People v Yon,* 300 AD2d 1127.)

**OPINION OF THE COURT**

CIPARICK, J.

On this appeal, we are asked to determine whether it was error for Supreme Court to refuse to charge criminal possession of a controlled substance in the seventh degree as a lesser included offense of criminal sale of a controlled substance in the third degree when an agency defense was properly submitted to the jury. Applying the test articulated in *People v Glover* (57 NY2d 61, 63 [1982]), because it is possible to sell drugs without concomitantly, by the same conduct, possessing them, we hold that criminal possession is not a lesser included offense of criminal sale of a controlled substance and decline to adopt a different rule for cases where the agency defense is charged.

On March 13, 2005, defendant was arrested for selling drugs to an undercover police officer. He was indicted for criminal sale of a controlled substance in the third degree (Penal Law

§ 220.39). At trial, the officer testified that he had approached defendant outside a building known for drug sales. When defendant asked what he was looking for, the officer requested two bags of crack and gave defendant $60. Defendant then went inside the building, came back outside, and handed the officer two bags of crack cocaine. In contrast, defendant testified that he was approached by the undercover officer at a donut shop and the officer asked for help purchasing crack. In return, the officer promised to "look out for" defendant. According to defendant, after helping the officer purchase a crack pipe, he led the officer to the building, took $40 the officer gave him, went inside alone, purchased crack, and gave the crack to the officer, all without receiving payment for his services. The officer and defendant then left in opposite directions and defendant was followed by a second undercover officer until he was apprehended by a nearby field team.

At defendant's request, Supreme Court instructed the jury on the agency defense, explaining that "a person is not guilty of selling a controlled substance if he was acting as the agent of the buyer." The prosecution never objected to this instruction, and does not contest its propriety. Supreme Court, however, denied the defense's request to charge criminal possession of a controlled substance as a lesser included offense of the sale charge. Defendant was convicted, and the Appellate Division affirmed the judgment, holding that criminal possession is not a lesser included offense of the sale charge because " 'it is not necessary to possess a controlled substance in order to offer or agree to sell it' " (*People v Davis*, 54 AD3d 575, 575 [1st Dept 2008], quoting *People v Cogle*, 94 AD2d 158, 159 [3d Dept 1983]). As to defendant's argument that cases where an agency defense is submitted to the jury should be treated differently, the Appellate Division stated that this "is a matter best left to the Court of Appeals" (*Davis*, 54 AD3d at 577). A Judge of this Court granted leave to appeal (11 NY3d 924 [2009]) and we now affirm.

A criminal defendant may request that the jury consider any "lesser included offense" of a count charged in an indictment that is reasonably supported by the evidence (CPL 300.50 [1], [2]). An offense is "lesser included" if "it is impossible to commit [the charged] crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree" (CPL 1.20 [37]). In *Glover* (57 NY2d at 63), we established a two-pronged test to determine when a defendant is entitled to

have a lesser included offense charged. First, the proposed lesser offense must be "an offense of lesser grade or degree" and it must be *"in all circumstances . . .* impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense" (*id.* [emphasis added]). Second, there must be "a reasonable view of the evidence in the particular case that would support a finding that [defendant] committed the lesser offense but not the greater" (*id.*).

Although prior to *Glover* we asked only whether it was impossible to commit the greater crime without the lesser on the particular facts of the case, *Glover* broadened the inquiry to whether it is possible "in theory" to commit the greater crime without committing the lesser (57 NY2d at 64). Defendant's reliance on pre-*Glover* cases is therefore misplaced. Indeed, we have recently and repeatedly reaffirmed this aspect of *Glover*'s holding (*People v James*, 11 NY3d 886, 888 [2008] [applying the *Glover* test]; *People v Miller*, 6 NY3d 295, 302-303 [2006] [clearly stating that "we have no intention of departing from *Glover*"]). Although *Glover*'s theoretical approach necessarily means that in many cases the proposed lesser crime was, in fact, committed, this approach has the benefit of ensuring uniformity in charging lesser included offenses. Today we once again affirm that whether it is possible to commit the greater offense without committing the lesser must be determined by "a comparative examination of the statutes defining the two crimes, in the abstract" (*Glover*, 57 NY2d at 64).

Turning to the statutes at issue here, it is possible to commit the sale crime without committing the possession crime. One charged with criminal sale of a controlled substance in the third degree is charged with "knowingly and unlawfully sell[ing] . . . a narcotic drug" (Penal Law § 220.39 [1]); "sell" is defined broadly as "to sell, exchange, give or dispose of to another, or to offer or agree to do the same" (Penal Law § 220.00 [1]). Thus, sale does not necessitate possession in the seventh degree— "knowingly and unlawfully possess[ing] a controlled substance" (Penal Law § 220.03)—since possession requires "physical possession or . . . dominion or control over tangible property" (Penal Law § 10.00 [8]). One need not have dominion or control over a drug in order to offer to sell it to someone else.

This analysis is in no way altered by our holding in *People v Mike* (92 NY2d 996, 998 [1998]) that a drug sale requires an "ability to proceed with the sale." As we stated in *Mike*, ability to sell does not require "proof of possession of the contraband"

(*id*. at 998-999). For example, a middleman paid a commission by a seller may be guilty of sale but not possession.

Defendant and the dissenting opinion urge us to reach a different result here because the agency defense was charged, permitting the jury to find defendant an agent of the buyer, rather than a seller, and treat him accordingly. Nothing about the agency defense, however, requires a defendant to be charged with possession, though he may confess to it. The agency defense is a well-established "interpretation of the statutory definition of the term 'sell' " (*People v Andujas*, 79 NY2d 113, 117 [1992]). Although "[r]eading the statute literally, any passing of drugs from one person to another would constitute a sale" (*People v Lam Lek Chong*, 45 NY2d 64, 72 [1978]), we have held that "[o]ne who acts solely as the agent of the buyer cannot be convicted of the crime of selling narcotics" (*id*. at 73). This assertion of agency is not a complete defense because it acknowledges defendant's wrongdoing. A defendant who asserts the agency defense acknowledges that he is guilty of a crime, but it is not necessarily a crime for which he is charged.

Because the agency defense is a defense, not a separate crime under the sale statute, it does not alter our analysis under *Glover*. Thus, as the Appellate Division correctly noted and the dissenting opinion acknowledges, a ruling that drug possession is a lesser included offense of a drug sale count in agency defense cases would require an exception to the *Glover* test. We decline to fashion such an exception. Determining whether to charge a defendant with possession of a controlled substance initially is a standard exercise of prosecutorial discretion. Supreme Court therefore did not err in refusing to submit the charge of criminal possession of a controlled substance in the seventh degree to the jury as a lesser included offense of criminal sale of a controlled substance in the third degree.

Accordingly, the order of the Appellate Division should be affirmed.

JONES, J. (dissenting). Relying on *People v Glover* (57 NY2d 61 [1982]), the majority holds Supreme Court did not err in refusing to charge criminal possession of a controlled substance in the seventh degree as a lesser included offense of criminal sale of a controlled substance in the third degree. I disagree because a trial judge's failure or refusal to charge seventh degree or simple possession as a lesser included offense in a drug case where the agency defense is properly submitted to the jury may

lead to incongruous and deleterious results. Under the circumstances of this case, therefore, an exception to *Glover* is warranted. Accordingly, I dissent and would reverse the order of the Appellate Division.

The first requirement under *Glover*—"that it is theoretically impossible to commit the greater crime without at the same time committing the lesser" (57 NY2d at 64; *see* CPL 1.20 [37])—does not consider the realities that typically attend a drug sale prosecution where the agency defense is asserted. Although it is theoretically possible to commit criminal sale in the third degree without concomitantly, by the same conduct, possessing the drugs, the likelihood of that happening is remote. This is why prosecutors in the real world frequently charge defendants in drug sale cases with both criminal sale and possession.

To be sure, the uniformity that arises from consistent application of a legal standard is important. However, blindly fitting the *Glover* standard to this type of case flies in the face of common sense and fundamental fairness.

The very nature of the agency defense supports the view that strict application of *Glover* is inappropriate here. The agency defense is unique in that it requires the defendant to admit he/she criminally possessed drugs as an agent of the buyer. We have stated this defense

> "is not a complete defense. The defendant who has been a party to a drug sale is not relieved of all criminal responsibility simply because he was acting for the buyer. The agency concept is essentially a means of determining the extent of the intermediary's culpability, and thus the nature of his crime, under a statutory scheme which reserves the most severe penalties for [drug sellers]. Evidence that the defendant was acting solely as an agent of the buyer is properly employed to determine whether he is guilty of possession, instead of sale" (*People v Lam Lek Chong*, 45 NY2d 64, 74 [1978] [citations omitted]).

To set forth the facts underlying the admitted wrongdoing the defendant will usually take the stand, bringing his/her credibility into question. The jury, therefore, must determine whether defendant's testimony should be credited and, ultimately, whether defendant should be held criminally liable as an agent of the buyer (i.e., to the same extent as the buyer).

In a drug sale case such as this, not charging simple possession where the trial court properly submits the agency defense

to the jury undermines the defense. That is, a jury weighing a defendant's testimony that he/she was an agent of a purchaser of drugs, without the lesser charge that the defendant all but admitted, gives less credence to the agency defense. Further, submitting the agency defense without simple possession may have a coercive effect on a jury. Given only one choice, a jury which believes the agency defense may acquit a defendant who admitted to criminal drug possession or, out of a belief that the defendant should be held criminally liable for the offense admitted to, convict the defendant of a greater crime than the one actually committed.

Here, the Appellate Division, after noting that this Court has recognized an exception to the "impossibility" test, stated that "whether another exception . . . should be recognized on account of the agency defense . . . is a matter best left to [this Court]" (*People v Davis*, 54 AD3d 575, 577 [1st Dept 2008]). Based on the foregoing and the fact that in the instant case there was a reasonable view of the evidence from which the jury could have concluded that defendant committed the crime of simple possession (Supreme Court saw fit to submit the agency defense to the jury), this Court should recognize simple possession as such an exception and view it as a lesser included offense of criminal sale of a controlled substance in the third degree. This conclusion is consistent with this Court's prior decisions recognizing exceptions to the statutory definition of "lesser included offense" (*see People v Miller*, 6 NY3d 295 [2006] [held defendants' second degree murder convictions (intentional and standard felony murder) were lesser included under their first degree murder convictions (intentional felony murder) *even though it was theoretically possible to commit intentional felony murder without committing standard felony murder*]; *People v Green*, 56 NY2d 427 [1982]). Moreover, charging simple possession in this sort of case would not amount to reversible error. Nor does such a charge aggrieve the People. If the evidence adduced at trial makes out criminal possession in the seventh, that is what defendant will be convicted of.

Chief Judge LIPPMAN and Judges GRAFFEO, READ and SMITH concur with Judge CIPARICK; Judge JONES dissents and votes to reverse in a separate opinion in which Judge PIGOTT concurs.

Order affirmed.