■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLLEEN MORGRIDGE, Appellant. [924 NYS2d 848]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered December 10, 2008, convicting her of criminal possession of marijuana in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was tried and convicted of criminal possession of marijuana in the first degree, which required a finding that she knowingly and unlawfully possessed in excess of 10 pounds of marijuana (*see* Penal Law § 221.30). Pursuant to a search warrant, the police recovered over 20 pounds of marijuana from bins located in the kitchen of the defendant's apartment. The police also recovered a bag containing one-eighth of an ounce of marijuana on the defendant's bedroom dresser. At trial, the defendant asked the Supreme Court to submit the crime of unlawful possession of marijuana as a lesser-included offense. The Supreme Court denied the request.

Pursuant to CPL 300.50, a court in its discretion may, in addition to submitting the greatest offense which it is required to submit, submit any lesser-included offenses, as long as there is a reasonable view of the evidence which would support a finding that the defendant committed the lesser offense but did not

commit the greater (*see People v Davis*, 14 NY3d 20, 23 [2009]). Furthermore, "[i]f the court is authorized . . . to submit a lesser included offense and is requested by either party to do so, it must do so" (CPL 300.50 [2]).

Here, although unlawful possession of marijuana is a lesser-included offense of criminal possession of marijuana in the first degree (*see e.g. People v Turdo*, 74 AD2d 614 [1980]), there was no reasonable view of the evidence that the defendant committed the lesser, but not the greater offense (*see People v Davis*, 14 NY3d at 23).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Belen, Sgroi and Miller, JJ., concur.