■ The People of the State of New York, Respondent, v Keon Daisley, Appellant. [981 NYS2d 728]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered March 20, 2012, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of 6 months concurrent with 5 years' probation, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50 (5).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the inference that defendant shared his companion's intent to cause physical injury to the victim and intentionally aided his companion by either holding or blocking the victim's path of retreat while his companion cut the victim's face with a box cutter (*see Matter of Tatiana N.*, 73 AD3d 186, 191 [1st Dept 2010]). Even if the jury credited defendant's testimony that he did not know that his companion was going to use a box cutter against the victim, the jury could have rationally concluded from defendant's continued participation in the criminal activity after the box cutter was used that he shared the requisite intent for the crime (*see id.*). Defendant's conduct toward the

victim and his departure and subsequent return to the scene provided further evidence of defendant's community of purpose (*see e.g. People v Skinner*, 269 AD2d 202, 203 [1st Dept 2000], *lv denied* 95 NY2d 838 [2000]).

The court's response to a jury note seeking clarification as to the intent requirement of second-degree assault, when viewed in context, could not have misled the jury as to the requisite elements (*see People v Umali*, 10 NY3d 417, 426-427 [2008]). Contrary to defendant's contention, the court was not required to instruct the jury that the People were required to prove that defendant intended that the victim's injury be caused by a dangerous instrument (*see* Penal Law § 120.05 [2]). Rather, the court properly instructed the jury that the People were required to prove (1) that defendant caused physical injury to the victim by means of a dangerous instrument; and (2) that defendant did so with the intent to cause physical injury to the victim (CJI2d[NY] Penal Law § 120.05 [2]).

Even if the court erred in denying defendant's request for a missing witness charge, we find that the error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

The court properly declined to charge assault in the third degree as a lesser included offense, since there was no reasonable view of the evidence, viewed in the light most favorable to defendant, to support such a submission (*see People v James*, 11 NY3d 886 [2008]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Sweeny, Andrias, DeGrasse and Richter, JJ.