Abdus-Salaam, J.
(concurring). I join the opinion of the Court in its entirety, as the Court properly disposes of this case. However, given that jurors may be misled by confusing instructions on the order of deliberations in future cases involving hate crime and regular charges arising from the same incident, as the jurors evidently were here, I write separately to suggest possible ways in which a trial court may properly instruct a jury so as to avoid repugnant verdicts in such cases.
Regardless of the specific relationship between a hate crime charge and an equivalent non-hate crime charge arising from the defendant’s commission of the same offense, the court should, at a minimum, unequivocally inform the jury that it cannot convict the defendant of the hate crime and at the same time acquit the defendant of the corresponding non-hate crime. Rather, the court should explain, if the jury considers both charges, it must either acquit on both, or it may convict on the hate crime,* or it may convict only on the lesser included non-hate crime.
Beyond that, amici in these cases propose different instructions on the manner in which a jury must deliberate on a hate crime charge and a related non-hate crime charge. For example, the District Attorneys Association of the State of New York asserts that the court should tell the jury that the non-hate crime is a lesser included offense of its hate-crime variant, such that if the jury convicts the defendant of the hate crime, it cannot deliberate on the non-hate crime allegedly committed by the same criminal conduct. Defendant suggests that the court should inform the jury that they must deliberate on both the hate crime *612 charge and the non-hate crime charge, and any lesser included offenses under each charge, and arrive at a consistent verdict on all charges. By contrast Lambda Legal Defense and Education Fund and its associated amici suggest that the relationship between the crimes be explained via an interrogatory on the verdict sheet rather than an oral instruction. Under that approach, the court would provide the jury with a verdict sheet asking the jury to indicate its verdict on the non-hate crime charge and to separately declare whether it also found the existence of the bias motive which is essential to sustain a conviction on the hate crime charge.
With the exception of Lambda Legal’s proposed special verdict sheet, which like any special verdict sheet is disfavored under the law (see People v Ribowsky, 77 NY2d 284, 290 [1991]), these proposed jury instructions all provide plausible guidance on the consideration of hate crime charges and related non-hate crime charges. I believe, though, that courts would provide particularly clear and legally correct guidance on this subject by telling the jury to treat a non-hate crime as a lesser included offense of an equivalent hate crime allegedly committed via the same criminal acts.
Under our precedent’s criteria for lesser included offenses, a non-hate crime appears to be a lesser included offense of an equivalent hate crime. In that regard, we have held that one offense is a lesser included offense in relation to another offense if: (1) the alleged greater offense is unequivocally of a different degree, and carries a considerably different sentence, than the lesser offense; and (2) it is theoretically impossible to commit the greater offense without also committing the lesser offense by the same conduct (see CPL 1.20 [37]; People v Miller, 6 NY3d 295, 300-302 [2006]; People v Glover, 57 NY2d 61, 63-64 [1982]). And, in Miller, we made clear that an offense which is classified under the same letter grade as a related offense may still be greater than the related offense if the two offenses “are unequivocally of different degrees and carry considerably different sentences” (id. at 300).
Because a hate crime and the equivalent non-hate or ordinary crime share all the same elements, with the exception of the bias motive that elevates a regular crime to a hate crime {see Penal Law § 485.05), it is impossible to commit the hate crime without also committing the ordinary crime. Furthermore, although a hate crime shares the same felony grade classification as an equivalent ordinary crime, the ordinary crime may be a *613 lesser included offense of the hate crime if the hate crime is unequivocally of a different degree than, and carries a considerably different sentence than, the ordinary crime. And, a hate crime is, as a practical matter, of a greater degree than, and carries a greater sentence than, the equivalent ordinary crime. In passing the Hate Crimes Act of 2000, the legislature plainly made hate crimes greater offenses than their equivalent ordinary crimes. The legislature expressly found that hate crimes are uniquely harmful in comparison to similar ordinary crimes because they “do more than threaten the safety and welfare of all citizens” by “intimidating] and disrupting] entire communities and vitiating] the civility that is essential to healthy democratic processes” (Penal Law § 485.00). The legislature’s treatment of hate crimes as greater offenses is further codified in Penal Law § 485.10, which provides that when a defendant is convicted of a hate crime and “the specified [equivalent ordinary] offense is a misdemeanor or a class C, D or E felony,” the hate crime “shall be deemed to be one category higher than the specified offense” (Penal Law § 485.10 [2]), and that hate crimes with higher grade classifications must be punished within a defined set of severe sentencing ranges (see Penal Law § 485.10 [3], [4]). Thus, not only has the legislature concluded that hate crimes are of an unequivocally greater degree than their ordinary variants, but it has also decided to impose considerably higher sentences for hate crimes.
Accordingly, an ordinary crime is a lesser included offense of the equivalent hate crime, and in a case involving an ordinary criminal charge and the equivalent hate crime charge arising from the same criminal conduct, the jury should be told that the ordinary crime is a lesser included offense of the hate crime. To that end, the court should instruct the jury that if it convicts the defendant of the greater offense, it “will not consider” the lesser included offense (CJI2d[NY] Lesser Included Offenses). In that situation, the jury should be told to deliberate on any unrelated charges based on different criminal conduct. Of course, if the jury instead acquits the defendant of the hate crime, it should next deliberate on the equivalent ordinary offense, and in the event of an acquittal on that ordinary charge, it may consider any lesser hate crime or lesser included ordinary crime which has been charged based on the same conduct.
By preventing the jury from deliberating on an ordinary charge after it has convicted the defendant of the equivalent hate crime, a lesser included offense instruction would preclude *614 the jury from reaching an inconsistent verdict, or any verdict for that matter, on the ordinary crime. And, in the event that the jury ignores the instructions and convicts the defendant of both the hate crime and the corresponding ordinary crime, the court may eliminate excessive punishment by dismissing the non-hate crime count as an inclusory concurrent offense (see CPL 300.40 [3] [b]; Miller, 6 NY3d at 303-304). The treatment of an ordinary crime as a lesser included offense of the equivalent hate crime may also give appellate courts desirable flexibility in crafting appropriate remedies for any deficiency in the trial evidence establishing defendant’s guilt of the hate crime. Specifically, where a defendant is convicted of a hate crime based on ample evidence of his conviction of the equivalent ordinary crime but on insufficient evidence of the bias motive, the court need not dismiss the entire conviction in the face of the compelling evidence of the defendant’s guilt of the ordinary crime but may instead reduce the hate crime conviction to a conviction for the ordinary offense (see CPL 470.15 [2] [a]).
In sum, trial courts should instruct jurors in a clear manner to avoid repugnant verdicts in mixed hate-and-ordinary-crime prosecutions, and to achieve that goal, I believe courts should consider informing jurors that an ordinary crime is a lesser included offense of the corresponding hate crime.
Chief Judge Lippman and Judges Graffeo, Smith, Pigott, Rivera and Abdus-Salaam concur; Judge Abdus-Salaam in a concurring opinion.
Order modified by granting the People, if they be so advised, leave to resubmit a charge of manslaughter in the first degree as a hate crime to another grand jury and, as so modified, affirmed.

 Of course, again, the jury must be told that if it convicts on the hate crime, it must either convict on the non-hate crime or it must not reach a verdict on the non-hate crime.